HILDA STAPLEY, Respondent, *v.* UNITED STATES CASUALTY COMPANY, Appellant.

(Argued October 17, 1932; decided November 22, 1932.)

*Thomas G. Rickert* for appellant. The payments made by the defendant to the plaintiff constituted performance of the condition of the undertaking and discharged the defendant of all liability thereon. (*Shapiro* v. *Equitable Casualty & Surety Co.*, 256 N. Y. 341; *Winter* v. *Kinney*, 1 N. Y. 365; *Toles* v. *Adee*, 84 N. Y. 222.)

*Charles F. Doehler* for respondent. The present under-taking on appeal having been given to perfect the appeal and to stay execution made the defendant herein liable for the whole judgment and the present undertaking on appeal inured as a common-law agreement and is enforcible according to its terms. (*Haskell* v. *Fidelity & Casualty Co.*, 193 N. Y. Supp. 738; 205 App. Div. 858; *Rawlin*

v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 221 App. Div. 399.) The filing of and the language of the present undertaking on appeal shows and indicates clearly the defendant's intention to enlarge its liability under its automobile liability policy. (*McElroy* v. *Mumford*, 128 N. Y. 303; *Shapiro* v. *Equitable Casualty & Surety Co.*, 256 N. Y. 344.) The defendant is liable on the present undertaking for the balance due on the judgment and the payments made upon the automobile liability policy did not discharge the defendant of its liability on the appeal bond. (*Haskell* v. *Fidelity & Casualty Co.*, 193 N. Y. Supp. 738; 205 App. Div. 858; *McElroy* v. *Mumford*, 128 N. Y. 303.)

LEHMAN, J. The plaintiff recovered a judgment in the sum of $6,500 against Arthur Aldrich for damages caused by negligence. An appeal was taken from that judgment. The appellant could not stay the execution of the judgment without " a written undertaking to the effect that if the judgment * * * appealed from * * * is affirmed, or the appeal is dismissed, he will pay the sum recovered or directed to be paid by the judgment." (Civ. Pr. Act, § 594.) The undertaking on appeal recites that the " plaintiff has agreed to a stay of execution of said judgment upon the filing of an undertaking in *the sum of Five · Thousand Dollars*," and provides that the United States Casualty Company does " undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding Five Hundred Dollars, and does also undertake, in the sum of Five Thousand Dollars, that if the judgment or order so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment * * * in all not to exceed said sum of Five Thousand Dollars."

The judgment in plaintiff's favor against Aldrich has been affirmed. At the time of the accident the United

States Casualty Company had issued to Aldrich a policy, insuring him against liability for damages in the amount of $5,000. Under the terms of that policy the plaintiff, upon the return of execution unsatisfied, had the right to maintain an action against the casualty company to recover " the amount of the judgment * * * not exceeding the amount of the policy." The casualty company paid to the plaintiff the amount of the policy, viz., $5,000, together with the costs of the action. The plaintiff then began this action against the casualty company to recover the sum of $1,500, viz., the excess of the amount of the judgment in the negligence action over the amount of the policy.

The defendant maintains that its obligation upon the undertaking on appeal is no wider than its obligation under the policy of insurance which it had previously issued; that both are limited to $5,000, and that both are completely met when that amount has been paid upon the judgment. Doubtless the defendant's obligation upon its undertaking is defined solely by the language of the bond. It cannot be extended by the court to afford the plaintiff the protection which she probably supposed she was receiving, if the defendant did not agree to give such protection. The problem is whether the defendant's undertaking is only that $5,000 shall be paid upon the judgment, or whether it undertook that the judgment should be paid but limited its own liability to the sum of $5,000.

The same problem was presented under analogous conditions in *Shapiro* v. *Equitable Casualty & Surety Co.* (256 N. Y. 341, 345). There the bond recited that it was " conditioned to secure payment of *$2,500 upon judgments* " and it provided that the surety undertook " that the appellant will pay such judgments * * * not exceeding, however, the sum of $2,500 * * * and does also undertake that if the judgments so appealed from * * * are affirmed * * * the appellant will pay

the sum recovered * * * *up to* the amount mentioned herein." A majority of the court concluded that the undertaking of the surety was only that the appellant will pay " up to " the sum of $2,500, and that the bond was, as it stated, conditioned to secure the payment of $2,500 on the judgments. When that payment was made by the appellant the condition was met, and no action could be maintained on the bonds.

In that case we pointed out that the problem would be different if the surety had " undertaken that the principal would pay the judgment but limited its liability to $2,500." Here, as we have pointed out, the recital in the undertaking is that the plaintiff has " agreed to a stay of execution of said judgment upon the filing of an undertaking in the sum of Five Thousand Dollars," not, as in *Shapiro* v. *Equitable Casualty & Surety Co.*, that the undertaking is conditioned to *secure the payment of that sum upon the judgment*. From the recital in the bond it is evident that the parties intended that the usual appeal bond required by section 594 of the Civil Practice Act should be filed in order to obtain a stay of execution, except that the liability of the surety might be limited. Again, the contractual parts of the bond, fairly construed, carry out that intent. The surety company undertakes that the appellant will pay all costs and damages awarded against the appellant *on the appeal* not exceeding $500. That is the statutory undertaking to perfect the appeal. Then " it *also undertakes in the sum of $5,000* " that " the appellant will pay the sum recovered," and the limitation " in all not to exceed the sum of Five Thousand Dollars " is to be construed merely as a limitation of the amount which the surety company may be called upon to pay under both parts of its undertaking.

Thus here we have a limitation only upon the amount of the *defendant's liability* under its bond if the judgment is not paid; while in the earlier case the limitation is upon the amount which the surety undertakes the *appellant*

*will pay.* In that case the condition was met by the payment of the amount secured; in this case the condition is breached by failure of the appellant to pay the amount recovered. The judgment in this case is in accordance with our decision in the earlier case. The basis of that decision is wanting here, and we pointed out in our earlier decision the distinction which dictates the judgment granted here against the defendant.

The judgment should be affirmed, with costs.

CRANE, J. (dissenting). On the 16th of June, 1930, the plaintiff recovered a judgment in negligence against one Arthur Aldrich in the Supreme Court, Monroe county, N. Y., for the sum of sixty-five hundred dollars. Aldrich was covered by liability insurance in the sum of five thousand dollars, the policy having been issued by the United States Casualty Company. On appeal from the judgment to the Appellate Division, an undertaking was given to stay execution as well as to perfect the appeal. The appeal resulted in an affirmance of the recovery and the insurance company, pursuant to section 109 of the Insurance Law (Cons. Laws, ch. 28), paid the full amount of its indemnity policy, $5,585.32, which included the costs of the action. Aldrich was insolvent and did not pay.

The plaintiff, not satisfied with this substantial payment in behalf of an impecunious defendant, now seeks to recover the balance of the judgment, fifteen hundred dollars, out of the undertaking on appeal upon the theory that the defendant not only insured Aldrich for five thousand dollars but on appeal agreed to pay the whole judgment, or the part remaining unpaid. The undertaking on appeal must, therefore, be read to see if this defendant assumed any such additional burden.

After the recitals we have the obligation: " Now, therefore, the United States Casualty Company * * * does hereby * * * undertake that the appellant will pay all costs * * * not exceeding Five Hundred Dollars, and does also undertake, in the sum of Five Thousand Dollars, that if the judgment * * * is

affirmed  *  *  *  the appellant will pay the sum recovered  *  *  *  in all not to exceed said sum of Five Thousand Dollars."

The appellant is Aldrich, and the costs have been paid. Aldrich, by his agent, has also paid five thousand dollars on the judgment. What more does the bond require? The company undertakes that the appellant will pay the judgment, not to exceed five thousand dollars. This the appellant has done, he has paid the costs and five thousand dollars and all virtue has departed from the instrument; its obligation has been fulfilled.

Some of us were not satisfied with the decision of this court in *Shapiro* v. *Equitable Casualty & Surety Co.* (256 N. Y. 341), and the writer was one of the three dissenting judges; but now that the case has become law, we should abide by it and not draw such fine distinctions as to indicate our desire to depart from its authority whenever a little loophole permits an escape. Rules for the guidance of insurance companies in drawing policies or undertakings should be simple and plain, and when once published in the reports, should not fluctuate with slight changes in punctuation or phraseology.

The appeal undertaking in the *Shapiro* case read: " does hereby undertake that the appellant will pay such judgments  *  *  *  not exceeding, however, the sum of Twenty-five Hundred Dollars  *  *  *  and  *  *  * if the judgments  *  *  *  are affirmed  *  *  *  the appellant will pay the sum recovered  *  *  *  up to the amount mentioned herein."

Twenty-five hundred dollars having been paid, that ended the matter, and the bonding company was not held liable for anything more, although the judgment was in a greater amount.

Now in this case we have almost the exact wording. To repeat for comparison: " does also undertake  *  *  * that if the judgment  *  *  *  is affirmed  *  *  * the appellant will pay the sum recovered  *  *  *  in all not to exceed said sum of Five thousand dollars."

A logomachist might be able to find a distinction

between these two bonds, but not the ordinary insurance man. After all is said and done, courts deal with human affairs and not in speculations; their decisions should not be refined beyond the point of practical application; in other words, agreements should be given their plain, ordinary meaning.

The judgment below should be reversed, and the complaint dismissed, with costs.

POUND, Ch. J., KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur with LEHMAN, J.; CRANE, J., dissents in opinion.

Judgment affirmed.