ARTHUR HOTOP, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.— Action upon an appeal bond furnished by defendant in a negligence action. Order granting plaintiff's motion for summary judgment and judgment entered thereon affirmed, with ten dollars costs and disbursements. There is no substantial basis for distinguishing this case from *Stapley* v. *U. S. Casualty Co.* (260 N. Y. 323). In the *Stapley* case the plaintiff had a judgment for $6,500, and obtained payment thereof in part through recourse to a $5,000 liability coverage bond, just as here the plaintiff had a judgment for $25,000 and obtained payment thereof in part by recourse, to the extent of $20,000, to the liability coverage bond. In the *Stapley* case plaintiff obtained payment of the balance of $1,500 by having recourse to a $5,000 appeal bond there furnished, just as here plaintiff has had payment of the balance of $5,605.44, by recourse to an appeal bond which purported to undertake to pay a judgment to the extent of $15,000. In the *Stapley* case, in the clause setting out the undertaking of the surety, the sum of $5,000 is specified in a bond which contained a recital and reference to a $6,500 judgment. In the case at bar the clause setting out the obligations of the surety fixed no amount in figures but did specify that it would pay the judgment. The extent of such obligation could

be determined only by having recourse to the recital in the bond referring to a $15,000 judgment as compared with the $6,500 judgment in the *Stapley* case. Accordingly, since payment of the $1,500 excess was enforced under the $5,000 appeal bond in the *Stapley* case, the $5,605.44 in the case at bar is similarly payable out of the appeal bond, which carried with it an obligation to pay up to $15,000, as compared with the $5,000 obligation in the *Stapley* case under the appeal bond. The variation in the form makes for no difference in the application of the principle of the *Stapley* case. Carswell, Davis and Close, JJ., concur; Lazansky, P. J., dissents. The *Stapley* case is inapposite. In that case the amount of the judgment which the surety agreed " to pay," if the judgment should be affirmed on appeal, was in excess of the amount paid by the surety on its liability policy. Here, the judgment which the surety agreed to pay on affirmance is less than the amount paid by it under the liability policy. The undertaking on appeal herein did not cover an increase of the amount of the judgment by this court pursuant to section 584-a, Civil Practice Act. Hagarty, J., dissents. Plaintiff was awarded by the jury a verdict of $25,000, which was reduced by the trial justice to $15,000, for which amount the judgment was entered, and the purpose of the undertaking here involved was to stay execution pending appeal by the defendant (Civ. Prac. Act, § 594). This court, on the appeal, restored the original verdict, upon which judgment was subsequently entered. More than the amount of the judgment as entered at the time of the appeal, and to stay execution under which the undertaking was given, has been paid under the original insurance policy, or coverage bond. In my opinion, *Stapley* v. *U. S. Casualty Co.* (*supra*) does not extend liability to the extent of the new and increased judgment.