# Cases

# FOURTH DEPARTMENT

## APPELLATE DIVISION,

### November, 1903.

---

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS
CONNOLLY and CLARK W. DENNIS, Defendants.

*Liability of bail for a fine imposed, where a certificate of reasonable doubt is given to
one convicted and sentenced to imprisonment and to pay a fine.*

The correct interpretation of sections 527, 530, 555, 556 and 585 of the Code of
Criminal Procedure is

That where a defendant is convicted of a crime and is sentenced to imprisonment
only, if he takes an appeal from the judgment of conviction and obtains a cer-
tificate of reasonable doubt, he cannot be compelled to enter upon the service
of his term of imprisonment during the pendency of such appeal, but must be
retained in the custody of the sheriff during the interim, unless an order is
made admitting him to bail, and an undertaking is given to the effect that he
will surrender himself in execution of the judgment in case it is affirmed;

That if such defendant is sentenced to pay a fine only, takes an appeal, obtains a
certificate of reasonable doubt, and an order is made admitting him to bail,
such certificate is, in effect, granted upon condition that the defendant will
execute an undertaking conditioned for the payment of such fine in case the
judgment of conviction is affirmed, and the collection of such fine is not stayed
until such undertaking is executed;

That if a defendant, who is convicted of a crime is sentenced to imprisonment
and also to pay a fine, takes an appeal from the judgment of conviction and
obtains a certificate of reasonable doubt, and an order is made admitting him
to bail in a sum specified, and providing for an undertaking conditioned that
the defendant will surrender himself in execution of the judgment, and also
that he will pay the fine imposed if the judgment is affirmed, the surety upon
such an undertaking is liable for the amount specified in case the defendant is
not surrendered, and for the amount of the fine in case the defendant is surren-
dered but refuses and neglects to pay such fine.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Elmer E. Charles,* for the plaintiff.

*John F. Connor,* for the defendants.

McLENNAN, P. J. :

On the 11th day of October, 1899, the defendant Thomas Connolly was convicted in the Wyoming County Court of the crime of selling liquor in a quantity less than five wine gallons, on Sunday, and was sentenced to be imprisoned in the Erie County Penitentiary for the term of six months, and to pay a fine of $200. Thereupon the clerk of said county duly docketed in his office a judgment against Connolly for the amount of said fine, as required by the Liquor Tax Law (Laws of 1896, chap. 112, § 36, as amd. by Laws of 1897, chap. 312). An appeal was taken by Connolly from the judgment of conviction to the Appellate Division, and a certificate of reasonable doubt was obtained from a justice of the Supreme Court, who, at the same time, made an order admitting Connolly to bail in the sum of $500.

Thereafter, and on the 24th day of October, 1899, the said Connolly gave his undertaking, executed by himself as principal, and by the defendant Dennis as surety, by which, after reciting all the proceedings theretofore had, they undertook: " Jointly and severally, that the said defendant, Thomas Connolly, will pay the fine imposed or such part thereof as the Appellate Court may direct, if the judgment be affirmed or modified, or the appeal dismissed, or the certificate of reasonable doubt be vacated, and that the said Thomas Connolly will in all respects abide the orders and judgment of the Appellate Court upon the appeal, and that he will surrender himself in execution of the judgment, if the certificate of reasonable doubt shall be vacated, or upon the judgment being affirmed or modified ; or if he shall fail to perform either of these conditions, that we will pay to the People of the State of New York the sum of Five Hundred Dollars."

Such undertaking was duly approved by the county judge of Wyoming county, and on the 27th day of October, 1899, was duly filed in the office of the county clerk.

Thereafter, and on the 12th day of April, 1900, by an order duly

made, the Appellate Division affirmed the judgment of conviction in all things, and directed that it be carried into execution (51 App. Div. 618), and judgment of affirmance was entered accordingly.

After the entry of such judgment of affirmance and on the 19th day of December, 1900, the defendant Connolly went to the office of the sheriff of Wyoming county and announced that he was ready to serve out his sentence of imprisonment, and surrendered himself to the sheriff. The sheriff thereupon procured from the clerk a certified copy of the judgment of conviction and of the judgment of affirmance by the Appellate Division, conveyed the defendant to the Erie County Penitentiary, and delivered him, together with the certified copy of the judgment, to the keeper of said penitentiary. Connolly was thereupon received into the penitentiary, and was there imprisoned for the full term of his sentence, when he was discharged.

After the affirmance of the judgment of conviction by the Appellate Division, and before Connolly surrendered himself to the sheriff or was imprisoned, the district attorney of Wyoming county demanded the fine imposed, but he refused to pay the same or any part thereof.

On the 13th day of June, 1901, the clerk of the county of Wyoming issued an execution upon such judgment against the property of Connolly, and delivered the same to the sheriff. Thereafter the sheriff duly returned said execution to the clerk's office wholly unsatisfied, and no part of the fine so imposed upon the defendant Connolly has been paid.

After Connolly had served his sentence, and after the execution issued against his property had been returned unsatisfied, and on the 19th day of November, 1901, the district attorney served upon the defendant Dennis the judgment of affirmance, and a notice to the effect that Connolly had neglected and refused to pay the fine aforesaid, and demanded of him, said Dennis, the payment of said fine of $200, and the defendant Dennis refused to pay the same or any part thereof.

On the 30th day of December, 1901, John T. Connors, acting as attorney for both defendants, delivered to the sheriff of Wyoming county a certified copy of said undertaking of bail, and thereupon, at the request of said Connors, the sheriff made a certificate which

stated, in substance, that a certified copy of such undertaking had been delivered to him; that on the 19th day of December, 1900, the said defendant Connolly surrendered himself to him as sheriff of Wyoming county, and that he, said sheriff, delivered or caused the said defendant to be delivered or committed to the keeper of the Erie County Penitentiary immediately after such surrender.

The question upon this appeal is whether or not the defendant Dennis is liable on the undertaking executed by him, and if so, whether for the sum of $200, the amount of the fine imposed upon Connolly, or for $500, the amount of said undertaking.

Section 527 of the Code of Criminal Procedure provides, in effect, that the taking of an appeal by a defendant from a judgment convicting him of a crime, and the procurement by him of a certificate of reasonable doubt, as provided in that section, stays the execution of such judgment; and if such section must be construed literally, and independent of the other provisions of that Code, such appeal and certificate, while they continued in force, not only prevented the defendant from being imprisoned in the Erie County Penitentiary, but also prevented his property from being taken in satisfaction of the fine imposed upon him by the judgment. In other words, the stay, if the section is literally construed, would relate to every part of the judgment; the collection of the fine, as well as the imprisonment.

If such is the correct meaning of the section, when considered in connection with the other provisions of said Code, then in case a defendant convicted of a crime is sentenced to pay a fine only, appeals from the judgment and obtains a certificate of reasonable doubt, it would never be necessary or useful for him to give an undertaking. The effect of the appeal and certificate could not be enlarged by any undertaking which he might give. They would work an absolute stay of the judgment during the pendency of the appeal or until the certificate was vacated, and an undertaking could do no more. Yet section 555 of the Code of Criminal Procedure provides for admitting a defendant to bail who has appealed from the judgment of conviction and obtained a certificate of reasonable doubt. That section provides that such defendant may be admitted to bail : " 1. As a matter of right, when the appeal is from a judg-

ment imposing a fine only.  2. As a matter of discretion, in all other cases " (where the judgment imposes imprisonment).

Section 556 relates to the "nature of bail after conviction and upon appeal," and provides: "After conviction and upon appeal the defendant may be admitted to bail as follows: 1. If the appeal be from a judgment imposing a fine only, on the undertaking of bail that he will pay the same, or such part of it as the appellate court may direct, if the judgment be affirmed or modified, or the appeal be dismissed, or the certificate of reasonable doubt be vacated, as provided in section five hundred and twenty-nine.  2. If judgment of imprisonment have been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or if the certificate of reasonable doubt be vacated as aforesaid."

Article 4 of chapter 1 of title 12 of part 4 of the Code of Criminal Procedure relates to the form of an undertaking upon appeal, and the manner in which a defendant may be admitted to bail. Section 583 is as follows: "In the cases in which the defendant may be admitted to bail upon an appeal as provided in section five hundred and fifty-six, the order admitting him to bail may be made, either by the court from which the appeal is taken, or a judge thereof, or by the appellate court, or a judge thereof, or by a judge of the Supreme Court."

Section 584 prescribes the notice which must be given upon an application for admission to bail.  Section 585 relates to the "qualifications of bail and how put in," and provides: "* * * The undertaking must be to the effect that the defendant will, in all respects, abide the orders and judgment of the appellate court upon the appeal, and will surrender himself in execution of the judgment, if the certificate of reasonable doubt be vacated as provided in section five hundred and twenty-nine."

It is the contention of the defendant Dennis that the condition inserted in the undertaking in question, that upon the affirmance of the judgment Connolly would pay the fine, is surplusage and added nothing to his obligation as surety.  In other words, he insisted that the appeal taken and the certificate of reasonable doubt obtained by Connolly stayed the execution of the judgment of conviction; collection of the fine as well as imprisonment, and, there-

fore, that the clause inserted in, the undertaking that Connolly would pay the fine imposed no additional burden upon the surety; that his obligation was, in effect, discharged when Connolly surrendered himself to the sheriff after the affirmance of the judgment by the Appellate Division.

Section 530 of the Code of Criminal Procedure, which relates to the "effect of the stay" resulting from an appeal and obtaining a certificate of reasonable doubt, provides: "If the certificate provided in sections 527 and 528 be given, the sheriff must, if the defendant be in his custody, upon being served with a copy of the order, keep the defendant in his custody, without executing the judgment, and detain him to abide the judgment upon the appeal."

The sections referred to are the only ones bearing upon the question involved. It is apparent that their meaning is somewhat ambiguous and, so far as we have been able to discover, has not been judicially determined.

We think the reasonable and correct interpretation to be given to the sections is that where a defendant is convicted of a crime and is sentenced to imprisonment only, if he takes an appeal from the judgment of conviction and obtains a certificate of reasonable doubt, he cannot be compelled to enter upon the service of his term of imprisonment during the pendency of such appeal, but must be retained in the custody of the sheriff during the interim, unless an order is made admitting him to bail, and an undertaking is given to the effect that he will surrender himself in execution of the judgment in case it is affirmed; that if such defendant is sentenced to pay a fine only, takes an appeal, obtains a certificate of reasonable doubt, and an order is made admitting him to bail, such certificate is, in effect, granted upon condition that the defendant will execute an undertaking conditioned for the payment of such fine in case the judgment of conviction is affirmed, and the collection of such fine is not stayed until such undertaking is executed. Any other interpretation would render nugatory all the provisions of the Code of Criminal Procedure which relate to giving bail in cases where, upon conviction, only a fine is imposed. Thus interpreted, if a defendant who is convicted of a crime is sentenced to imprisonment and also to pay a fine, takes an appeal from the judgment of conviction and obtains a certificate of reasonable doubt, and an order is made

admitting him to bail in a sum specified, and providing for an undertaking conditioned that the defendant will surrender himself in execution of the judgment, and also that he will pay the fine imposed if the judgment is affirmed, the surety upon such an undertaking is liable for the amount specified in case the defendant is not surrendered, and for the amount of the fine in case the defendant is surrendered but refuses and neglects to pay such fine.

There is a most serious defect in the procedure for the suppression of crime if a defendant, when convicted and sentenced to pay a fine, appeals from such judgment and obtains a certificate of reasonable doubt from a judge or justice authorized to make the same, who at the same time makes an order admitting the defendant to bail, and providing that an undertaking executed by at least one surety shall be given, conditioned for the payment of such fine, such surety may say, " I am not liable because the judgment was stayed by the defendant's appeal and the certificate of reasonable doubt, and independent of the undertaking executed by me." Such, in effect, is the contention of the defendant. It is of no consequence and does not in any manner change the status of the parties to this submission that the judgment of conviction imposed both imprisonment and fine. The question of the imprisonment has been disposed of by the service by Connolly of the term prescribed, and the case is no different than if he had only been sentenced to pay a fine.

The certificate of reasonable doubt, made pursuant to section 527 of the Code of Criminal Procedure, should be interpreted in connection with the order admitting the defendant Connolly to bail, made pursuant to sections 555 and 556. When so construed we think their true meaning is that the certificate of reasonable doubt was made, and thereby the stay granted, upon condition that the defendant would execute an undertaking conditioned that he would surrender himself in execution of the judgment and that he would also pay the fine imposed by said judgment if affirmed.

The defendant having surrendered himself to the sheriff and served the term of imprisonment imposed by the judgment, but having failed to pay the fine imposed by such judgment, the defendant Dennis, as surety upon the undertaking executed by him, should be held liable only for the amount of such fine.

Judgment is ordered in favor of the plaintiff and against the

defendants for $200 and interest thereon from the 16th day of November, 1901, the date when such sum was demanded from the defendant Dennis, besides the costs and disbursements of this submission.

All concurred.

Judgment ordered in favor of the plaintiff and against the defendants for $200 and interest thereon from the 16th day of November, 1901, besides the costs and disbursements of this submission.