THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD H. GOULD, Defendant.

Supreme Court, Special Term, New York County, September 29, 1938.

*Thomas E. Dewey, District Attorney,* for the plaintiff.

*George Mintzer,* for the defendant.

ROSENMAN, J.   I am of the opinion that reversible error was committed by the admission of testimony during the cross-examination of the witness Bernard Austin with respect to complaints which had been filed in the Attorney-General's office against the defendant with respect to other alleged misconduct occurring several years before the present indictment.   The complaints testified to related to alleged acts of the defendant wholly unconnected with the acts for which he was being tried.   The reason urged by the court for the admission of the testimony was its effect upon the credibility of the witness; but the substantial rights of the defendant were violated in that evidence pertaining to other crimes was received.   (*People* v. *Richardson,* 222 N. Y. 103; *People* v. *Robinson,* 273 id. 438.)   For that reason a certificate of reasonable doubt should be granted.

However, the question as to whether the defendant should be admitted to bail pending the appeal involves another and different question. The issuance of a certificate does not of itself include the granting of bail; it merely stays the execution of the judgment pending the appeal. (Code Crim. Proc. §§ 527, 530, 531; *People* v. *Connolly*, 88 App. Div. 302, 307; *People ex rel. Hummel* v. *Reardon*, 186 N. Y. 164, 168.)

Whether or not the plaintiff is entitled to bail depends upon the proper interpretation of section 555 of the Code of Criminal Procedure. It is conceded that the defendant has a record of a prior conviction of a felony. Originally and up to the adoption of chapter 639 of the Laws of 1928, section 555 of the Code of Criminal Procedure read as follows:

" § 555. Nature of bail after conviction. After the conviction of a crime not punishable with death a defendant who has appealed, and when there is a stay of proceedings, but not otherwise, may be admitted to bail

" 1. As a matter of right, when the appeal is from a judgment imposing a fine only;

" 2. As a matter of discretion in all other cases."

Chapter 639 of the Laws of 1928 added the words " or life imprisonment " after the words " punishable with death " and also added the following to the end of subdivision 2: " except that (a) if the defendant convicted is a fourth offender under section nineteen hundred and forty-two of the Penal Law, or, (b) if the defendant is convicted of a felony committed while armed with a weapon as provided in section nineteen hundred and forty-four of the Penal Law, he shall not be admitted to bail."

Section 555 was further amended in 1935 by chapter 507 of the Laws of 1935, which added a third subheading under subdivision 2, as follows: " or (c) if the defendant is convicted of any of the crimes or offenses described in section five hundred fifty-two of this Code and is circumstanced as there described, he shall not be admitted to bail."

Although the court was given complete discretion in cases other than death up to 1928, the Legislature in 1928 took away the court's discretion in cases of life imprisonment and also in cases where the defendant concerned was convicted as a fourth offender or was convicted of a felony committed while armed. In 1935 the Legislature went further and removed the judicial discretion in all the cases set forth in chapter 507 of the Laws of 1935.

A reference to section 552 of the Code shows that the defendant in this case " is circumstanced as there described " and has been convicted of one of the " crimes or offenses described in section

five hundred and fifty-two " and accordingly, that the defendant may not be admitted to bail.

Section 552 reads as follows:

" The defendant cannot be admitted to bail either before or after indictment except by a justice of the Supreme Court or by a judge of the Court of General Sessions or a judge of the County Court where the defendant is charged,

" 1. With a crime punishable with death.

" 2. With the infliction of a probably fatal injury upon another, and under such circumstances, as that, if death ensue, the crime would be murder.

" 3. With a felony or with any of the misdemeanors or offenses specified in this section and it shall also appear from the defendant's fingerprints, or otherwise, that there is reason to believe that he has either (a) been previously convicted within the State of a felony, or an attempt to commit a felony, or of a crime under the laws of another State, government or country which if committed within this State would be a felony; or (b) has been twice so convicted of any one of such misdemeanors or offenses or convicted of any two of them. The misdemeanors and offenses referred to in this section are the following, as defined in the Penal Law, to wit: illegally using, carrying or possessing a pistol or other dangerous weapon; making or possessing burglars' instruments; buying or receiving stolen property; unlawful entry of a building; aiding escape from prison; that kind of disorderly conduct defined in subdivision six of section seven hundred and twenty-two of the Penal Law; and unlawfully possessing or distributing habit-forming narcotic drugs."

Section 555 refers to any of the " crimes or offenses " referred to in section 552. Subdivision 3 of section 552 refers to certain specific " misdemeanors or offenses," but also refers to " a felony." The terms are not synonymous. Certain specific misdemeanors and offenses are selected, but any felony is included. The defendant here has been convicted of a felony and no judicial discretion as to bail remains.

Therefore, although a certificate will be granted, the defendant cannot be admitted to bail. Settle order.