THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM BOWLES, Appellant.

Fourth Department, July 9, 1952.

*Albert E. Hollis* for appellant.

*Harry K. Morton, District Attorney,* for respondent.

KIMBALL, J. The defendant was found guilty by a jury in the County Court of Steuben County of reckless driving in viola- tion of section 58 of the Vehicle and Traffic Law. He was sen-

tenced to one month in the County jail and was fined $100. He has appealed from the judgment of conviction. There were two counts in the indictment. The first charged the defendant with criminal negligence resulting in death under section 1053-a of the Penal Law. The second was the reckless driving count. The jury having returned a verdict of guilty on the second count only, the defendant stands acquitted of the felony charge in the first count. (*People* v. *Dowling*, 84 N. Y. 478.)

The automobile accident which was the basis for the indictment occurred on the State highway running northerly and southerly between Canisteo and South Canisteo in Steuben county on July 21, 1940. The defendant was driving his wife's car southerly. James Roach was driving another car northerly. The collision took place on a straightaway between two curves. It was daylight and the road was dry. The macadam surface was eighteen feet wide. The cars came together almost head-on at a point nearer the sharp curve at the north end of the straightaway around which the defendant was proceeding southerly. Seated beside the driver of the Roach car was his mother, Phoebe Roach. She died as a direct result of injuries received in the accident. The only eye-witnesses who were able to describe the accident were Marion Roach, who was seated behind the driver, and the defendant. She testified that when the Roach car came around the south curve, she saw the Bowles car just rounding the north curve and that the distance between the two curves was 200 to 300 feet. She said the Roach car was upon its right side and was going from eight to eighteen miles an hour; that the Bowles car was going about fifty miles per hour. Roy Rogers, a disinterested witness was driving northerly and was the second car behind the Roach car. He placed the point of collision at the south end of the curve around which defendant came and said it was quite some distance from there to the south curve. If the testimony of Marion Roach was correct as to the speed of the cars, the accident could not have happened where it did. James Roach, the driver, testified he was injured in the accident; that he remembered he was proceeding at about fifteen miles an hour on his own side. He had no recollection of seeing the defendant's car and did not remember completing the turn. The defendant's testimony was that he was accustomed to driving 800 miles a week for a linen supply company; that he had never been over this road before. He said the road had been straight until he came to the sharp left curve and that he slowed down for it, going about thirty-five miles an hour. As he started around the curve, he observed the

other car and threw on his brakes and tried to pass around it. It appears from testimony of police officers who arrived after the accident that the Bowles car was "more on the wrong side of the road." There were "skid" marks behind the defendant's car back to the curve. One police officer testified that: "it appeared to me like brakes were applied and the tires were scrubbing on the black top." Another police officer testified that the defendant told him that as he came around the curve, he saw the other car approaching, apparently in the center of the road; that he tried to pull to the right and left to avoid a collision.

The court in its charge, amply and correctly defined culpable negligence as distinguished from ordinary negligence. He said to the jury: "The proof must show beyond a reasonable doubt that the cause of death was the operation or driving of a motor vehicle with reckless disregard of the consequences. There must be a direct relation between the automobile which caused the death and the reckless culpably negligent manner in which it was operated." Since there was no question in the case that Phoebe Roach died as a direct consequence of the collision, the only question for the jury on the first count was whether the defendant drove his car in a culpably negligent manner. By its verdict, the jury said he did not. The jury, however, found the defendant guilty of reckless driving. The error in the charge of the court is that the jury was not told what constituted reckless driving. The court did not even say that his definition of culpable negligence applied likewise to reckless driving. He merely said: "this man is also indicted on the charge of a violation of the Motor Vehicle Law. I think it is Section 58 which is reckless driving. * * * Now after you have taken up this question as to the seriousness of the culpable negligence and *you find it was not culpable negligence,* then you would not find the defendant guilty under the section but you would then take up the question of *whether or not it is just a plain case of reckless driving* and if the facts and circumstances and the evidence warrant this to be a case of reckless driving." (Emphasis supplied.) By such instructions, the court, in effect, told the jury that they could convict of "reckless driving" by a finding of some lesser degree of negligence than would be necessary to convict of criminal negligence resulting in death. The defendant's attorney excepted to the charge and specifically requested the court to instruct the jury "that in considering a charge of reckless driving, they must find that the defendant acted in a manner showing a wanton disregard of the rights of others." The court declined to so charge and exception was

taken. The failure to define the elements of reckless driving and the refusal to charge as requested constitute, of course, substantial error requiring a reversal. The courts have uniformly held that " reckless " and " culpable " are synonymous; that the words import a " disregard of consequences " and " indifference to the rights of others." (*People* v. *Angelo,* 246 N. Y. 451; *People* v. *Grogan,* 260 N. Y. 138; *Matter of Hart* v. *Mealey,* 287 N. Y. 39; *People* v. *Bearden,* 290 N. Y. 478; *People* v. *Gardner,* 255 App. Div. 683; *Matter of Sheridan* v. *Fletcher,* 270 App. Div. 29; *Matter of Kafka* v. *Fletcher,* 272 App. Div. 364.)

It is our opinion that the evidence in this case is insufficient to warrant a finding beyond a reasonable doubt that the defendant on the occasion in question operated his motor vehicle in " disregard of the consequences which may ensue from the act, and indifference to the rights of others." (*People* v. *Angelo, supra,* p. 457.) Coming upon an extremely sharp curve on a road not before traveled by him, he was confronted with the other car. He applied his brakes and attempted to avoid a collision. He was unsuccessful. His judgment may have been poor and he may have been guilty of ordinary negligence but the facts are not present to find that degree of recklessness and willful disregard of the rights of others necessary to convict of reckless driving. The jury absolved him of culpable negligence on the death charge. The quantum of proof as to negligent operation being the same under both counts of the indictment, the judgment of conviction should be reversed and the indictment dismissed.

The record before us discloses a situation which we believe we should comment upon for the benefit of these engaged in the administration of criminal justice. In the first place, there seems to be no reasonable ground for the fact that this appeal was heard nearly twelve years after the accident in July, 1940. For two years after indictment and arraignment, the defendant was not brought to trial when he was available. Thereafter and until March, 1946, he was in the armed forces. The trial was again delayed for a year and nine months. The appeal was taken in December, 1947, and argued in this court in May, 1952. Such delay is inimical to the proper administration of justice and is not conducive to the enforcement of the rights of either the People or those charged with crime. The recollection of witnesses becomes dim and their testimony stale. Justice is best served by a speedy trial and prompt hearing of the appeal.

Upon the judgment of conviction on December 8, 1947, the defendant was not committed to the custody of the Sheriff pending the granting of a certificate of reasonable doubt and the allowance of bail in the event the certificate was granted. It appears that the trial court, upon judgment, stayed the execution of sentence pending an application for a certificate of reasonable doubt and continued the former bail. There is no authority for such action. Section 529 of the Code of Criminal Procedure authorizes the judge or justice who grants the show cause order for a certificate of reasonable doubt, to stay execution of the judgment of conviction until determination of the application. The duty of the sentencing judge is to comply with section 487 of the Code of Criminal Procedure, which provides: " If the judgment be imprisonment, or a fine and imprisonment until it is paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained, until the judgment be complied with." In this case, the statement under rule 234 of the Rules of Civil Practice sets forth that a Justice of the Supreme Court granted a show cause order for a certificate prior to the date of sentence and stayed execution of sentence pending determination of the application. The order is not in the record but if such order was made, it was premature since there was then no judgment of conviction. Any stay therein granted would have been ineffective. It is further recited in the statement under rule 234 that the defendant is still at liberty under that order and that the application was adjourned. Apparently no court ever heard the application for a certificate and none was granted. The result is that the defendant, although convicted and sentenced, has, since the rendition of the verdict of guilty, been at liberty and not in custody, without a certificate of reasonable doubt, a valid stay and without bail. The temporary stay under section 529 of the Code of Criminal Procedure, is not the stay of proceedings provided in section 527 which is effective only when a certificate of reasonable doubt is filed. There is no authority for the giving of bail where the stay is merely temporary under section 529. Bail may be taken only where there is a stay pursuant to section 527, after the granting and filing of the certificate. Section 555 of the Code of Criminal Procedure, provides for bail after conviction, as follows: " After the conviction of a crime not punishable with death or life imprisonment a defendant who has appealed, and *when there is a stay of proceedings,* but not otherwise, may be admitted to bail ". The stay of proceedings therein mentioned is the " *Stay of proceedings, on appeal, etc.*" of section 527 of

the Code of Criminal Procedure. There is no right to bail under the temporary stay of section 529. This was authoritatively determined and was clearly stated in the opinion of Judge HISCOCK in *People ex rel. Hummel* v. *Reardon* (186 N. Y. 164, 168). He said: "Bail can be received only when a stay of proceedings has been granted, and a permanent, substantial stay of proceedings can be secured only when a certificate of reasonable doubt has been granted ". The *Hummel* case was cited and followed in *People* v. *Gould* (169 Misc. 323) and *People* v. *Sloan* (181 Misc. 822).

The defendant has not only been at liberty without right but without bail. The bail given after indictment expired upon judgment of conviction and the sureties were exonerated when the defendant appeared for judgment and rendered himself in execution thereof. (Code Crim. Pro., § 581.) The nature of bail after conviction and upon appeal, when allowed and when allowable, is provided for in section 556 of the Code of Criminal Procedure. No undertaking of bail as in that section provided, was given nor apparently ever applied for and it could only have been allowed if a certificate of reasonable doubt had been previously granted. The practice of permitting a person duly convicted and duly sentenced, to be at liberty without obtaining a certificate of reasonable doubt and without thereafter applying for and being allowed new bail, is without authority in law.

The judgment of conviction should be reversed on the law and facts and the indictment dismissed.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Judgment of conviction reversed on the law and facts and indictment dismissed.