Dominio S. Binaldi, J.
These are separate motions made by a surety to vacate and set aside judgments resulting from four bail forfeitures. The facts surrounding each forfeiture are substantially the same, and as a result, the same question of law is involved. In each instance, upon appearance of a defendant for sentence, a fine or a jail term in lieu of payment thereof was imposed, and extensions granted to each defendant to make payment of the fine. The bonds were forfeited upon failure to appear and make payment of the fines on the adjourned date. The fines have since been paid by three of the defendants and the one other defendant was committed in lieu of payment. There is no claim that the actions of any of the defendants were willful and deliberate or that any rights were lost by the People.
The surety contends that the forfeitures and consequent entry of judgments thereon are a nullity on the ground that the sentencing courts improperly extended the duration of its risk. The District Attorney relies on the decision of Mr. Justice McDonald in the case of People v. Mariani (N. Y. L. J., June 26, 1963, p. 12, col. 8), in which he held a forfeiture to be valid under a similar state of facts.
The issue to be decided by me, under the conceded facts herein, is whether or not the surety’s obligation terminated when its principal appeared and was sentenced or if such obligation continued, after sentence, to insure the appearance of the principal at a future date set by the sentencing court for payment of a fine or for commitment in lieu of such payment.
Under the ‘ ‘ consolidated bail bond ’ ’ used by sureties in our jurisdiction, which form is statutory, it is the obligation of a surety to at all times render its principal amenable to the process of the court and if convicted, its principal shall appear for judgment, “ and render himself in execution thereof ”. The quoted language has been the subject of controversy in many jurisdictions. (See Commonwealth v. Turpin, 98 Ky. 9; United States *343 Fid. & Guar. Co. v. Justice Court, 99 Cal. App. 2d 683; and People v. Mariani, supra, citing many other cases.)
It has been a common practice in our courts, for practical reasons and in the interests of justice, to permit some defendants whose sentences required the payment of a fine, a reasonable length of time, after sentence, to make such payment.
Section 487 of the Code of Criminal Procedure sets forth the course to be followed by a sentencing court which has imposed a fine and imprisonment until it is paid. This section reads, in part, as follows: “If the judgment be imprisonment, or a fine and imprisonment until it is paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment be complied with. Where, however, the court has suspended sentence or where after imposing sentence, the court has suspended the execution thereof, and placed the defendant on probation * * # the defendant must forthwith be placed under the care and supervision of the probation officer of the court committing him until the expiration of the period of probation and the compliance with the terms and conditions of the sentence or of the suspension thereof. Where, however, the probation has been terminated * * * and the suspension of the sentence or of the execution revoked, and the judgment pronounced, the defendant must forthwith be committed to the custody of the proper officer and by him detained until the judgment be complied with.” (Italics supplied.)
Section 483 of the Code of Criminal Procedure, which deals with the power of the court after a plea or verdict of guilty ‘ ‘ in a case where a discretion is conferred upon the court as to the extent of the punishment, and where there appears to be circumstances in mitigation of punishment ”, states as follows: “2. If the judgment is to pay a fine and that the defendant be imprisoned until it is paid, the court upon imposing sentence may direct that the execution of the judgment of imprisonment be suspended for such period of time, and on such terms and conditions as it shall determine, and may place such defendant on probation under the charge and supervision of a probation officer during such suspension, provided, however, that upon payment of the fine, the judgment shall be satisfied and the probation cease.”
Under the foregoing statutes, the court is obliged to commit a defendant “ to the custody of the proper officer ”, usually the probation officer. The word “ probation ” has a very technical and precise meaning: “ it has reference to the general scheme of probation established and authorized by statute, where the probationer is expressly made subject to the control, direction, *344 and discipline of the court through probation officers or otherwise as prescribed in the statute law". (People ex rel. Schindler v. Kaiser, 95 Misc. 681, 685.)
There is apparently no statutory direction, except as contained in the foregoing sections, which sets forth the procedures to be followed by a sentencing court in instances of impositions of fines or a jail term, to insure compliance with the direction of the court, except as the same may be found in section 62 of the New York City Criminal Court Act relating to similar sentences after conviction on a charge of a lesser grade than a misdemeanor. This section provides as follows:
11 Extension of time to pay fine. A judge shall have power in his discretion to extend time to pay any fine imposed upon a plea of guilty to or a conviction on any charge of a grade less than a misdemeanor.
‘ ‘ A judge may issue a warrant or summons for the defendant if he has failed to appear or pay the fine; when the defendant appears the judge may sign a commitment upon the failure of the defendant to pay the fine or may further extend the time to pay ”. (Italics supplied.)
Since we are concerned herein with misdemeanor convictions, the foregoing section does not apply.
The verbiage contained in the statutory form of consolidated bail bond, “ and render himself in execution thereof ”, cannot be taken out of context and must be read as part of the entire contract under the terms of which the obligations of the surety are spelled out. On that basis it is the opinion of the court that the liability of a surety terminates, if there has been no forfeiture prior thereto as is the case here, when its principal appears for judgment and sentence is pronounced. If at that point, the sentencing court, in its discretion, affords a defendant an opportunity to make payment of the fine levied upon him at some date in the future, that is no longer the concern of the surety unless it consents thereto. There is no authority under our law for a court to unilaterally extend the surety’s obligation on the bond. To permit such procedure would require the surety to act as guarantor for payment of fines imposed in lieu of imprisonment which would be completely contrary to the intent and purpose of the statutes relating to the contractual obligation of sureties on bail bonds. See People v. Bowles (280 App. Div. 476, 482 [4th Dept., July 9, 1952]), where is was stated as follows: “ The bail given after indictment expired upon judgment of conviction and the sureties were exonerated when the defendant appeared for judgment and rendered himself in execution thereof. (Code Crim. Pro., § 581.) ”
*345 Oar courts have certain specified duties and powers under sections 483 and 487 of the Code of Criminal Procedure to enforce the conditions of a sentence which imposes a fine. The surety cannot he held liable for failure of the sentencing courts to follow the proper procedures in order to adequately enforce its mandate. This court therefore finds that the forfeitures were contrary to law, and that being the case, the motions are granted and the judgments entered thereon are vacated and set aside.