Mitchell D. Schweitzer, J.
This is an application for a certificate of reasonable doubt and for bail pending appeal.
The defendant was convicted on the instant indictment of two felonies after trial by jury and is presently serving the sentence thereon imposed.
Before this court considers the merits of the application for the certificate of reasonable doubt, it must first consider whether this defendant, because of his previous criminal record, would be eligible to be released on bail should there be merit to his application.
The defendant’s record of conviction reflects that he has been previously convicted of two certain misdemeanors, to wit: a violation of section 1897 of the Penal Law in the State of New York, and for the crime of breaking, entering and grand larceny in the State of Florida.
*842 “ The subject of bail is one which, in this State, is regulated by statute, the court having only such authority to direct the release of a prisoner upon bail and to accept recognizance as is directed by statute.” (People v. Wirtschafter, 305 N. Y. 515, 519 [1953].)
The statutes involved in the determination of this issue in the instant case are sections 555 and 552 of the Code of Criminal Procedure. These sections, insofar as they are germane to the issue involved, read as follows:
“ § 555. Bail after conviction. After the conviction of a crime not punishable with death or life imprisonment a defendant who has appealed, and when there is a stay of proceedings, but not otherwise, may be admitted to bail: * * *
“ 2. As a matter of discretion in all other cases, except that * * * (c) if the defendant is convicted of any of the crimes or offenses described in section five hundred fifty-two of this code and is circumstanced as there described, he shall not be admitted to bail.” (Emphasis supplied.)
“ § 552. Offenses not bailable. The defendant cannot be admitted to bail either before or after indictment except by a justice of the supreme court * * * where the defendant is charged # * *
“ 3. With a felony or with any of the misdemeanors or offenses specified in this section and it shall also appear from the defendant’s fingerprints, or otherwise, that there is reason to believe that he has either (a) been previously convicted within the state of a felony, or an attempt to commit a felony, or of a crime under the laws of another state, government or country which if committed within this state would be a felony; or (b) has been twice so convicted of any such misdemeanors or offenses or convicted of any two of them. The misdemeanors and offenses referred to in this section are the following, as defined in the penal law, to wit: illegally using’, carrying or possessing a pistol or other dangerous weapon; making or possessing burglar’s instruments; * * * unlawful entry of a building ”,
In People v. McCall (16 A D 2d 313, 316 [4th Dept., 1962]) it was held: 1 ‘ The purpose of section 555 is to prohibit the admission to bail of a defendant convicted of a felony or of one of the misdemeanors specified in section 552, if he had been previously convicted of a felony or of two of the specified misdemeanors or if he had been convicted twice of any one of the specified misdemeanors. Under the statute, one previously convicted *843 of a felony may not be released on bail pending appeal, after a second conviction for a felony, regardless of the nature of the felonies involved (People v. Wirschafter, 305 N. Y. 515). Two prior convictions of the misdemeanors specified in section 552 are treated as the equivalent of a prior felony conviction. ’ ’
A fortiori, this court holds that the instant convictions for the felonies of burglary in the third degree and possession of burglar’s tools constitute the predicate for denying bail should the prior misdemeanor convictions come within the ambit of those specified. Defendant’s counsel does not dispute that the prior misdemeanor convictions are included within those specified in section 552, but he maintains that the latter section does not apply unless both misdemeanors were committed in the State of New York. The court does not agree with this thesis.
It is true that while clause (a) of subdivision 3 of section 552 pertaining to felonies includes those committed in other States and that this clause does not appear in clause (b) of subdivision 3, the latter reads “ has been twice so convicted of any such misdemeanors or offenses or convicted of any two of them.” (Emphasis supplied.) The word “ so ”, in the opinion of this court, is not surplusage, but refers back to that portion of the clause contained in clause (a) of subdivision 3 “ or of a crime under the laws of another state, government or country ’ ’. Hence the prior misdemeanor committed in the State of Florida must be counted in determining the number of prior misdemeanors. Therefore, this court concludes that the defendant is not entitled to be released on bail, assuming there were merit to the issues raised pertaining to the trial.
The issuance of a certificate of reasonable doubt merely stays the execution of the judgment pending the disposition of the appeal (People v. Gould, 169 Misc. 323 [N. Y. Supreme Ct., 1938]), but would not of itself permit the defendant to be admitted to bail.
Inasmuch as the defendant is seeking his release on bail pending appeal, granting a certificate of reasonable doubt would represent a Pyrrhic victory and actually work to the prejudice of the defendant should the conviction be affirmed. The issuance of the certificate would merely entitle him to be returned to the place of original custody (Code Crim. Pro., §§ 530, 531), in this case the Department of Correction of the City of New York, and he would lose credit for the time he was being so held. (People ex rel. Uebelmesser v. Carter, 176 App. Div. 804 [2d Dept., 1917].)
*844 In view of the foregoing, the court, in the exercise of its discretion, deems it inexpedient to review the application for a certificate of reasonable doubt.
The motion for a certificate of reasonable doubt and for bail pending appeal is denied.