Mitchell D. Schweitzer, J.
This is an application for a certificate of reasonable doubt. The defendant was convicted of two counts of the crime of obscene prints (movie film) under section 1141 of the Penal Law. He was sentenced to the New *270 York City Penitentiary for an indefinite term with a recommendation that he be confined for at least six months on both counts to run concurrently.
It appears without dispute that the imposition of the sentence in this case was predicated upon the fact that the defendant had twice previously been convicted of the same crime, thereby making him a third offender. In such case, section 1141 of the Penal Law prescribes an indefinite sentence of no less than six months nor more than three years.
The threshold question to be preliminarily resolved is whether this defendant is so circumstanced by virtue of the two prior convictions of section 1141 so as to preclude the granting of bail after conviction. Section 555 of the Code of Criminal Procedure specifically defines the circumstances under which a defendant may not be admitted to bail after conviction. It is therein provided that a defendant shall not be admitted to bail after conviction if a defendant is convicted of any of the crimes or offenses described in section 552 of the Code of Criminal Procedure. An examination of that companion section, that is section 552 of the Code of Criminal Procedure, specifically reveals that a person would be so circumstanced 'so as to preclude the granting of bail after conviction if he had been twice convicted of any one of the misdemeanors or offenses specified in that section. Among the misdemeanors specified therein are violations of article 106 of the Penal Law, and section 1141 is embraced within that article.
The defendant’s position is that section 552 of the Code of Criminal Procedure is not applicable to a situation where the prior convictions resulted in sentences which had been suspended, and for his authority counsel relies upon People v. Shaw (1 N Y 2d 30). That case deals only with the issue of the imposition of additional punishment under the multiple offender law and presents a different question from the issue of the eligibility of a defendant for bail after conviction. (See People v. McCall, 16 A D 2d 313.)
It would, therefore, appear that the two prior convictions and sentences thereunder, even though suspended, would constitute the proper predicate for the denial of bail under sections 555 and 552 of the Code of Criminal Procedure.
Since it clearly appears that this defendant is so circumstanced as to preclude the granting of bail after conviction and pending appeal, the court, in the exercise of its discretion, denies the defendant’s application for a certificate of reasonable doubt. (See People v. Panico, 41 Misc 2d 841.)