Seymour Bieber, Spec. Ref.
Pursuant to stipulation between counsel for the surety company and the District Attorney of New York County, and by designation of the Administrative Judge of the Supreme Court, First Judicial District, this *876 application regarding reconsideration of a motion for remission of bail forfeiture was referred to me, to hear and determine.
The record shows that defendant John Davis was arrested and charged with violation of section 1897 of the Penal Law (possession of a weapon). He was found guilty on October 24, 1963, fined $100 or 30 days in jail, and was given until October 31 to pay. Upon his then failure to appear and pay the fine, bail of $1,500 was forfeited.
Under these circumstances, I find the surety may not be held responsible for its principal’s failure to appear. When a defendant such as Davis appears for judgment and sentence is pronounced, absent a forfeiture prior thereto, the liability of a surety terminates. If at this point of a criminal proceeding, the sentencing court, in its discretion, affords a defendant an opportunity to make payment of a levied fine at some future date, unless it consents thereto (a fact apparently not present here), that is no longer the concern or responsibility of the surety. Contrary to the position advocated here by the District Attorney, there is no authority in applicable case law or statute for a court, in effect, to extend unilaterally the surety’s obligation on its bond. To permit such procedure would, in substance, require a surety to act as the guarantor for payment of fines imposed in lieu of imprisonment. This is a result completely contrary to the intent and purpose of applicable law relating to a bail bond surety’s contractual obligations (see People v. Bowles, 280 App. Div. 476, 482; see, also, People v. Public Serv. Mut. Ins. Co., 40 Misc 2d 341, 344). Accordingly, the surety’? application in this matter is granted.