UNITED STATES of America

v.

Alfred CATINO, Defendant.

No. 73 CR. 881 (MP).

United States District Court,
S. D. New York.

March 9, 1977.

Robert B. Fiske, Jr., U. S. Atty. S. D. N. Y., for the United States; by James P. Lavin, Asst. U. S. Atty., New York City.

H. Elliot Wales, New York City, for respondent Public Service Mut. Ins. Co.

Nancy Rosner, New York City, for Indemnitors Anthony Catino, Theresa Peduto, Mary Mariccio, and Jerry De Feo; by J. Jeffrey Weisenfeld, New York City.

POLLACK, District Judge.

The government moves pursuant to Fed. R.Crim.P. 46(e)(1), (3) for a judgment of forfeiture of a $50,000. bail bond posted to obtain release from confinement of Alfred Catino pending criminal proceedings against him pursuant to an indictment charging violation of federal narcotic laws. Following his trial, conviction and unsuccessful appeal therefrom, Catino jumped bail and has since remained a fugitive from justice. Catino's surety and the indemnitors who collateralized the bail bond oppose the motion contending that the appearance bond was exonerated upon pronouncement of sentence following conviction or was exonerated by continuance of bail status of Catino pending appeal without the consent of the surety.

The motion for a judgment of forfeiture is granted for the reasons appearing hereafter.

Alfred Catino was indicted on September 20, 1973. Upon his arraignment bail was

fixed at $50,000. and he was released from custody when the Public Service Mutual Insurance Company posted its surety bond in that amount dated September 28, 1973. Catino was tried and convicted by a jury on January 8, 1974 and sentenced on February 26, 1974 to two concurrent twelve year prison terms to be followed by a six year term of Special Parole. His counsel announced intention to appeal. After ascertaining the apparent moral strength that could be exerted on Catino by the indemnitors of the surety company, all of whom are Catino's friends and relatives who posted life savings, bank books and a residence belonging to his cousin, the sentencing judge agreed not to exonerate or increase the then posted bail of $50,000. pending appeal on the basis that defendant would proceed promptly.[1] Catino remained at large on the strength of the September 28, 1973 surety bond during the test of his conviction by appeal. Following affirmance of the judgment by the Court of Appeals, Second Circuit, the government obtained an order for Catino's surrender on March 17, 1975; he did not comply therewith and has never been apprehended and remains a fugitive.

The terms of the bail bond are set out in the Appendix hereto.

█ It seems beyond cavil that Catino's failure to surrender to begin serving his sentence as ordered following the denial of his appeal was a breach of the conditions of the bond. The surety argues that it was exonerated upon pronouncement of sentence, while the indemnitors assert that the sentencing court's release of Catino pending appeal subject to the September 28, 1973 bond was an exonerating modification thereof.[2]

█ The instant motion appears to raise a novel question in the federal courts.[3] Its resolution, however, is facilitated by the express stipulation in the surety bond that "It is agreed and understood that this is a continuing bond which shall continue in force and effect until such time as the [surety is] duly exonerated," a provision *not* found in Illustrative Form 17 (Appearance Bond), Appendix of Forms, Fed.R.Crim.P.

The notion of exoneration has been extensively explored in cases concerning the liability of a surety whose principal absconds after sentencing during a postpone-

1. Mrs. Rosner: May we speak to the question of bail?

   The Court: What is his present bail?

   Mrs. Rosner: He is currently at large on $75,000—I am sorry, $50,000. bail, all of which is secured by collateral provided by friends and relatives. One such collateral is the residence of his cousin, your Honor.

   I think it would be appropriate to note, Judge, although Mr. Catino has had prior conflicts with the law, there has never been a scintilla of evidence that he is the type of man prone to become a fugitive.

   The Court: What is the financial condition of the defendant?

   Mrs. Rosner: He is virtually indigent. He possesses no asset.

   The Court: How good is that bail collateral?

   Mrs. Rosner: It is all provided by friends and relatives.

   The Court: Is it realistic bail?

   Mrs. Rosner: Mr. Catino has been in this posture before. He has faced serious charges in this courthouse on which he was acquitted.

   The Court: Is the bail realistic?

   Mrs. Rosner: Your Honor, in my judgment the bail is more than ample.

   The Court: What does the collateral consist of?

   Mrs. Rosner: There is a residence belonging to a cousin of Mr. Catino. There are life savings of several other relatives and friends in the form of bank books.

   The Court: How much money?

   Mrs. Rosner: $33,000 in cash.

   The Court: In the savings bank?

   Mrs. Rosner: From several people.

   The Court: Bail of $50,000 is continued pending appeal on the basis that defendant will proceed promptly.

   Mrs. Rosner: We shall your Honor.

2. The surety and indemnitors made an offer of proof that it is the practice of the deputy clerk of the District Court to use separate trial and appeal bond forms. Whatever practice is thus involved does not control or change the express terms of this bond.

3. In view of the pervasive federal regulation of federal bail procedures and conditions, *see* The Bail Reform Act of 1966, 18 U.S.C. § 3141 *et seq.*; Fed.R.Crim.P. 46, the interpretation of the bail bond here at issue is a matter of federal law. *Accord: United States v. Miller*, 539 F.2d 445 (5th Cir. 1976).

ment of execution of the sentence. It has been held that "there is no *per se* federal rule that the pronouncement of sentence exonerates a surety," *United States v. Miller*, 539 F.2d 445, 449 (5th Cir. 1976), and that when, as here, "the bond states that the principal is to surrender himself for execution of the sentence and to abide by orders of the court in connection with judgment, the pronouncement of sentence does not exonerate the surety . . . ." 539 F.2d at 448. *See also United States v. Gonware*, 415 F.2d 82 (9th Cir. 1969); *United States v. Wray*, 380 F.Supp. 1186 (W.D. Mo.1975).[4]

■ The agreement expressed that the instant bond is a continuing one. This refutes the indemnitors' "modification" argument, because the bond by its terms was to remain in force until exoneration and production of a principal for sentencing does not constitute exoneration. By the express terms of the instrument payment of the amount of the bond became due upon Catino's failure to surrender when ordered by the District Court. Leaving the bond effective during the period of the appeal was no modification thereof; pursuant to the continuing bond provision the bond remained in force in the absence of some prior act of exoneration.[5]

The surety and indemnitors seek to distinguish *Miller, Gonware,* and *Wray* on the ground that because of the common practice of granting temporary stays of execution of sentence the parties to a bail bond may be deemed to have contemplated that it would continue in force during a limited stay, whereas their proffered proof that it is the practice of this Court's deputy clerks to use separate trial and appeal bond forms would demonstrate that the parties did not contemplate that the bond would remain effective pending appeal. That distinction might be significant, if this Court were required to ascertain the intended duration of the instant bond from ambiguous language or by inference. Here, however, the bond explicitly stated that it was to remain effective until the surety was exonerated, and there was no exonerating act prior to the principal's violation of the bond's conditions.

Accordingly, the government is entitled to a judgment of forfeiture of the bond.

SO ORDERED.

### APPENDIX

The conditions of this bond are that the defendant ALFRED CATINO is to appear in the United States District Court for the Southern District of New York at New York City, and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in the above entitled matter as may be given or issued by the United States District Court for the Southern District of New York; that the defendant is not to depart the Southern District of New York except in accordance with such orders or warrants as may be issued by . . . . . . . .

---

4. *But see United States v. D'Anna*, 487 F.2d 899 (6th Cir. 1973) (under Michigan law, sentencing terminates surety's obligations).

   In *People v. Bowles*, 280 App.Div. 476, 114 N.Y.S.2d 353 (4th Dept. 1952), the Court stated that "bail given after indictment expired upon judgment of conviction and the sureties were exonerated when the defendant appeared for judgment and rendered himself in execution thereof." 114 N.Y.S.2d at 359 (dictum). Subsequent New York cases are in conflict. *Compare People v. Public Service Mutual Ins. Co.*, 49 Misc.2d 875, 268 N.Y.S.2d 624 (Sup.Ct., Special Term, New York County 1966) *and People v. Public Service Mutual Ins. Co.*, 40 Misc.2d 341, 243 N.Y.S.2d 256 (Sup.Ct., Crim.Term, Kings County 1963) *with People v. Public Ser-*

vice *Mutual Ins. Co.*, 39 Misc.2d 488, 240 N.Y. S.2d 815 (Sup.Ct., Crim.Term, Kings County 1963).

5. Fed.R.Crim.P. 46(f) provides that "When the condition of the bond has been satisfied or the forfeiture thereof has been set aside or remitted, the court shall exonerate the obligors and release any bail. A surety may be exonerated by a deposit of cash in the amount of the bond or by a timely surrender of the defendant into custody." In the present case there was no timely surrender of Catino into custody, and no cash deposit. The colloquy following sentencing quoted above demonstrates that the Court did not exonerate the obligors or release the bail, and *Miller, supra,* holds that it was not required to do so.

the United States District Court for the Southern District of New York; that the defendant is to abide any judgment entered in such matter by surrendering himself to serve any sentence imposed and obeying any order or direction in connection with such judgment as the court imposing it may prescribe.

If the defendant appears as ordered and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith.  Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and by other laws of the United States.

It is agreed and understood that this is a continuing bond which shall continue in full force and effect until such time as the undersigned are duly exonerated.