THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARIE WILLIAMS, Defendant. HENRY KARMEL, as Surety, Appellant.— Order denying motion to vacate and set aside order and judgment forfeiting undertaking of bail reversed upon the law and the facts, and motion to vacate said order and judgment granted. By section 545 of the Code of Criminal Procedure it is provided that upon reversal of a judgment of conviction without ordering a new trial, the appellate court must direct, if defendant be admitted to bail, that the bail be exonerated. That provision is mandatory. (People v. Mershon, 46 App. Div. 629.) In reversing the judgment of conviction against defendant Williams, this court, although she was admitted to bail, directed, not that the bail be exonerated, but that she be dis-

---

* Amd. by Laws of 1926, chap. 215.— [REP.

charged from custody. If we had followed the provision of the statute and directed that the bail be exonerated, the sureties would have been freed from further liability upon their undertaking, and the subsequent reversal of our order by the Court of Appeals (*People* v. *Williams*, 243 N. Y. 162) would not have restored that liability. Our direction that she be discharged from custody effected the same result, for the discharge of the principal at any stage of the proceedings is a discharge of the bail. (*State* v. *Glenn*, 40 Ark. 332; 6 C. J. 1031; 3 Am. & Eng. Ency. of Law [2d ed.], 721.) Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.