SAM SHAPIRO, Individually, and as Administrator of the Estate of MARY SHAPIRO, Deceased, Respondent, *v.* EQUITABLE CASUALTY AND SURETY COMPANY, Appellant.

(Argued April 14, 1931; decided May 12, 1931.)

*Samuel I. Poskanzer* and *John J. O'Connor* for appellant. The Special Term should not have ordered summary judgment in favor of the plaintiffs because the defendant has a meritorious defense to the action. (*Sonnenborn* v. *Libbey*, 102 N. Y. 539; *Elmendorf* v. *Lansing*, 5 Cow. 468; *Ulster County Inst.* v. *Young*, 161 N. Y. 23.)

*Arthur Hutter* and *David Batt* for respondent. The court at Special Term properly ordered judgment on the pleadings. (*Malloy* v. *Glen Cove & N. Y. Coach Corp.*, 236 N. Y. Supp. 845; *Malloy* v. *U. S. Casualty Co.*, 241 N. Y. Supp. 805.)

LEHMAN, J. The defendant, Equitable Casualty and Surety Company, issued and filed with the Commissioner of Motor Vehicles, a surety bond, in accordance with the provisions of section 282-b of the Highway Law (Cons.

Laws, ch. 25), conditioned for the payment of any judgment recovered against Barney's Omnibus Corporation for injury to persons in the operation of a motor vehicle. Liability of the surety was limited to $2,500 for any one judgment and to $5,000 on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action. Mary Shapiro and Sam Shapiro recovered judgments against Barney's Omnibus Corporation in two actions, brought to recover for personal injuries arising from an accident caused by that corporation in the operation of the motor vehicle. Executions upon those judgments were returned unsatisfied. Within the limits of the liability fixed by the terms of the bond, the defendant surety company might be called upon to pay those judgments.

Appeals were taken to the Appellate Division from these judgments, but no security was filed to stay their execution. A motion was made to dismiss the appeals for failure to prosecute them diligently. The motion was denied upon condition that Barney's Omnibus Corporation should " file a surety company undertaking conditioned to secure payment of $2,500 upon judgments in the event of affirmance or modification thereof or dismissal of said appeals, and procure the record on appeal and appellant's points to be filed so that appeal can be argued on the 2nd day of October, 1928." (224 App. Div. 727.) Barney's Omnibus Corporation, to comply with the condition imposed by the Appellate Division, filed a surety bond executed by this defendant, but did not comply with the other conditions of the order. Thereupon another motion was made to dismiss the appeal, and that motion again was denied upon condition that Barney's Omnibus Corporation should file " a surety company undertaking conditioned to secure payment of $2,500 in addition to the undertaking already filed, so that payment of each of said judgments will be

secured in that amount," etc. (224 App. Div. 829.) Barney's Omnibus Corporation then filed an additional surety bond executed by this defendant. The judgments have been affirmed.

Upon the affirmance of those judgments the Equitable Casualty Company became liable, as surety for Barney's Omnibus Corporation, upon the undertaking, filed pursuant to the Highway Law, that judgments against its principal for personal injuries would be paid. Because its liability was limited to $2,500 upon each judgment, it could not be compelled to pay more, but it was compelled to pay to each plaintiff $2,500, with interest and costs. Then the plaintiffs brought this action upon the bonds given by the same surety, pursuant to the condition imposed by the Appellate Division upon the denial of motions to dismiss appeals from the judgments rendered in favor of these plaintiffs against the principal. A motion made by the plaintiffs for judgment on the pleadings and for summary judgment has been granted. The surety has appealed from the judgment entered on that motion.

The appeal bonds were given to secure the payment of $2,500 on each of the judgments from which an appeal had been taken. In fixing the amount of those bonds, the court may have taken into consideration that the principal was insolvent and that if the appeals from the judgments against the principal were dismissed, payment of the judgments would, probably, be enforced only against the surety who had executed the bond, filed pursuant to the Highway Law, which secured payment of each of the judgments against the principal to the extent of $2,500. Nevertheless the court required new surety undertakings from the principal to secure the payment of $2,500 upon the judgments against the principal. Choice of the surety rested with the principal. The fact that the undertakings required by the court were executed by the same company which was the surety

upon the bond which already secured payment of $2,500 upon the same judgments does not limit or affect the extent of the new obligation assumed by the surety. That must be determined by the terms of the undertaking.

By the terms of each of the appeal bonds, the surety " does hereby undertake that the appellant will pay such judgments  *  *  *  not exceeding, however, the sum of Twenty-five Hundred Dollars  *  *  *  and does also undertake that if the judgments so appealed from or any parts thereof are affirmed or the appeal is dismissed or modified the appellant will pay the sum recovered  *  *  *  up to the amount mentioned herein." Already, payment of $2,500 upon each of the judgments has been compelled from the surety on the Highway Law bond. The problem now presented is whether such payments enure to the benefit of the surety on the appeal bonds and satisfy the obligation secured by those bonds.

The problem might be different if the surety upon the appeal bonds had, like the surety upon the Highway Law bond, undertaken that the principal would pay the judgment but limited its liability to $2,500. Then it might be argued that the surety's liability, though limited, remained in force until the judgment was paid. Here the surety undertook only that the principal would pay $2,500 upon the judgment, or that it would pay that amount itself. Payment by the principal of that amount would unquestionably discharge the surety's obligation. No less did payment upon the principal's obligation by the surety upon the undertaking given pursuant to the Highway Law bond. Certainly if the surety's liability upon the Highway Law bond had been unlimited, no contention could have been made that payment by the surety on behalf of the principal would not have discharged *pro tanto* the liability of another surety for the same principal upon the same obligation. The case is no different where the surety upon the first bond limited its liability, and the surety upon the subsequent bonds

undertook only that the principal would pay the amount already secured. We cannot read into the subsequent bonds an undertaking not expressed therein. Payment by the surety upon the appeal bonds would have enured to the benefit of the surety upon the Highway Law bond to the extent, at least, that thereby it reduced the obligation of the principal which the latter surety had undertaken should be paid. Payment by the surety of the Highway Law bond entirely discharged the liability of the surety on the appeal bonds, for that surety had not undertaken that any larger sum would be paid upon the judgments.

The judgment of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs in all courts.

CARDOZO, Ch. J., KELLOGG and O'BRIEN, JJ., concur; POUND, CRANE and HUBBS, JJ., dissent.

Judgments reversed, etc.