HILDA STAPLEY, Plaintiff, *v.* UNITED STATES CASUALTY COMPANY, Defendant.

Supreme Court, Monroe County, December 9, 1931.

*Charles F. Doehler*, for the plaintiff.

*Franchot, Runals, Cohen, Taylor & Rickert*, for the defendant.

RODENBECK, J. Under section 594 of the Civil Practice Act, to perfect an appeal, the undertaking is required to be to the effect that, if the judgment is affirmed or the appeal dismissed, the surety will pay the sum directed to be paid by the judgment if the appellant fails to do so. The only change in the undertaking on appeal, in this case, is that the surety is limited to the payment of the sum of $5,000; that is, it agreed that it would pay the judg-

ment to the extent of $5,000 if the appellant failed to pay the judgment. The appellant has failed to pay the full amount of the judgment, and a liability exists on the part of the defendant to pay the balance of the judgment up to the sum of $5,000.

This conclusion is not in conflict with the case of *Shapiro* v. *Equitable Casualty & Surety Co.* (256 N. Y. 341). The undertaking, in that case, was given pursuant to an order of the Appellate Division, and the order was to the effect that the payment of the judgments would be secured in the amount stated. The undertaking given was not expressed in the exact language of the order of the Appellate Division, but the undertaking is to be construed with the order, and the purpose of it was to the effect that the surety would pay the sum of $2,500 on each of the judgments if the appellant failed to do so. The language of the undertakings was to the effect that the surety would pay the judgments " up to the amount " mentioned therein. Judge LEHMAN, in the. *Shapiro* case, said: " The problem might be different if the surety upon the appeal bonds had, like the surety upon the Highway Law bond, undertaken that the principal would pay the judgment but limited its liability to $2,500." That is exactly what the surety has done in this case. It has agreed to pay the judgment but has limited its liability to the sum of $5,000. The surety on the liability bond and the appeal undertaking are the same, but that creates no distinction. The two instruments are separate. The liability bond was given to the defendant in the action, and the undertaking on appeal was given to the plaintiff. The liability bond secured the defendant against final judgments, and the undertaking secured the plaintiff against the default of the defendant. In the *Shapiro* case, Judge LEHMAN further said: " The fact that the undertakings required by the court were executed by the same company which was the surety upon the bond which already secured payment of $2,500 upon the same judgments does not limit or affect the extent of the new obligation assumed by the surety. That must be determined by the terms of the undertaking." (Id. 345.) Under the terms of the undertaking involved in this case, unlike the terms of the undertaking in the *Shapiro* case, the surety company has assumed to pay the judgment but limited its liability to $5,000. Both sides have moved for judgment on the pleadings and there is, therefore, no question of fact involved.

Motion of plaintiff for judgment on the pleadings granted, with ten dollars costs of motion.

So ordered.