HILDA STAPLEY, Respondent, v. UNITED STATES CASUALTY COMPANY, Appellant.*

Fourth Department, May 4, 1932.

*Thomas G. Rickert*, for the appellant.

*Charles F. Doehler*, for the respondent.

PER CURIAM. This appeal brings up cross-motions for judgment on the pleadings under rule 112 of the Rules of Civil Practice. Under all the circumstances presented by the record, the plaintiff,

---

* Affg. 142 Misc. 471.

before the undertaking on appeal was executed, held security from this defendant through the Aldrich insurance policy and section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639) for the payment of her $6,500 judgment against Aldrich up to the amount of $5,000, plus interest and court costs. Therefore, a requirement in the appeal undertaking to the effect that the surety, which was liable to plaintiff under the insurance policy, would pay the judgment if not paid by appellant, would be a useless gesture unless the appeal undertaking covered the amount of the judgment above $5,000 and interest. We are of the opinion that — without drawing a strained or fantastic inference from the exact language used — the portion of the undertaking under dispute should be construed as if it read as follows: " and does also undertake, in the sum of Five Thousand Dollars, that if the judgment or order so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay [in full] the sum recovered or directed to be paid by the judgment or order or the part thereof as to which it is affirmed [the total liability of the United States Casualty Company hereunder] in all not to exceed said sum of Five Thousand and 00/100 Dollars ($5,000.00)."

Thus construed, the undertaking would be described in the assumed situation stated on page 345 of the opinion in *Shapiro* v. *Equitable Casualty & Surety Co.* (256 N. Y. 341) as follows: " The problem might be different if the surety upon the appeal bonds had, like the surety upon the Highway Law bond, undertaken that the principal would pay the judgment but limited its liability to $2,500. Then it might be argued that the surety's liability, though limited, remained in force until the judgment was paid." And the *Shapiro* case would not be an authority for appellant.

The judgment and order should be affirmed, with costs.

All concur; SEARS, P. J., not sitting.

Judgment and order affirmed, with costs.