ARTHUR HOTOP, Respondent, *v.* MARYLAND CASUALTY COMPANY, Appellant.

Argued April 23, 1937; decided May 25, 1937.

*Philip Huntington* and *David S. Hill, Jr.*, for appellant.
Recovery against the surety on an undertaking on appeal
is limited to the amount of the penalty provided in the
bond, when that is a fixed sum. (*Oshiel* v. *De Graw*,
6 Cow. 63; *Pevey* v. *Sleight*, 1 Wend. 518; *Culver* v.
v. *Green*, 4 Hill, 570; *Shapiro* v. *Equitable Cas. & Surety
Co.*, 256 N. Y. 341; *Kmetz* v. *De Ronde*, 231 N. Y. 255;
*Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519.)

*Phillip S. Rivlin, Eugene A. Leiman* and *Arthur A.
Singer* for respondent. The appeal bond was intended
to afford ultimate protection to the insured to the full
extent of its complete liability. (*Shapiro* v. *Equitable
Casualty & Surety Co.*, 256 N. Y. 341; *Chester* v. *Broderick*,
131 N. Y. 549; *Saratoga Trap Rock Co.* v. *Standard
Accident Ins. Co.*, 143 App. Div. 852; *Brewster* v. *Empire
State Surety Co.*, 145 App. Div. 678; *Brassil* v. *Maryland
Casualty Co.*, 210 N. Y. 235.) Payment by the defendant
under the insurance policy did not discharge its surety-
ship obligation on the appeal bond. (*Maine Lumber
Co.* v. *Maryland Casualty Co.*, 216 App. Div. 35; 244
N. Y. 537; *Stapley* v. *United States Casualty Co.*, 142
Misc. Rep. 471; *Merrill* v. *Equitable Surety Co.*, 131
Misc. Rep. 541.)

O'Brien, J. Plaintiff was injured by a motor vehicle owned by English & Greenfader, Inc. Defendant Maryland Casualty Company had issued a liability policy to English & Greenfader, Inc., for bodily injury limited to $20,000. In an action against English & Greenfader, Inc., this plaintiff recovered a verdict for $25,000, which, on plaintiff's stipulation, was reduced by the trial justice to $15,000. Both parties appealed. The Appellate Division modified the judgment by reinstating the verdict and judgment for $25,922.99 was entered. That judgment was not paid by English & Greenfader, Inc., and plaintiff instituted an action under section 109 of the Insurance Law (Cons. Laws, ch. 28) against the insurer, Maryland Casualty Company, present defendant, which then paid plaintiff $20,317.55.

The present action is brought to recover the sum of $5,605.44, which represents the difference between the judgment of $25,922.99 entered upon the decision of the Appellate Division, and the $20,317.55, the amount collected from defendant. The cause of action is based upon an appeal bond issued by defendant Maryland Casualty Company and filed by English & Greenfader, Inc., on its appeal to the Appellate Division from the judgment for $15,000, as reduced by the trial justice, in the action of Hotop v. English & Greenfader, Inc.

The undertaking on appeal recites the recovery of a judgment for $15,000 by Hotop against English & Greenfader, Inc., the appealing party, and this defendant, Maryland Casualty Company, undertakes " that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding Five Hundred ($500.00) dollars, and does also undertake, that if the judgment ———————— so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment ———————— or *the part thereof as to which it is affirmed.*" This bond does not in express

language limit the amount to any fixed sum as was carefully done in *Shapiro* v. *Equitable Casualty & Surety Co.* (256 N. Y. 341) and *Stapley* v. *United States Casualty Co.* (260 N. Y. 323). By its terms the surety undertakes to pay *the judgment or the part thereof as to which it is affirmed.* The only judgment to which the undertaking could refer is the judgment recited therein, that is the judgment for $15,000, from which the appeal was taken. The undertaking is expressed in the language of section 594 of the Civil Practice Act and its purpose must be deemed to be the staying of execution. This defendant obligated itself by that instrument to pay $15,000, in the event that the appeal was dismissed or the judgment was affirmed, or such part of $15,000, in the event that the judgment should be reduced. Nothing in the undertaking can lead to an inference that either party intended that, in the event of a modification by addition to the judgment, the surety would pay such additional sum. Since the plaintiff had stipulated on the trial to a reduction from $25,000 to $15,000, the only issues which could reasonably have been contemplated by the parties were affirmance of the judgment from which the appeal was taken, its reduction or a dismissal of the appeal. The language of the undertaking clearly indicates such an intention. By defendant's payment of $20,317.55 to plaintiff it has fully discharged its obligation pursuant to its undertaking on appeal and also its obligation under its liability policy.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.