■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TOMMY LEE HENRY, Respondent. COSMOPOLITAN MUTUAL INSURANCE COMPANY, Appellant. — Appeal by Cosmopolitan Mutual Insurance Company from an order of the County Court, Dutchess County, dated May 22, 1969, which granted defendant's motion to reinstate its (appellant's) former liability as surety on a bail bond for defendant. Order reversed, on the law, without costs, and motion denied. Defendant was indicted for assault in the second degree and appellant, as surety, posted a $10,000 bail bond for him. The bond provided, as required by section 581 of the Code of Criminal Procedure, that (1) defendant would appear and answer the charge, (2) he would render himself amenable to the process of the court and, (3) if convicted, he would appear for judgment and render himself in execution thereof. Appellant performed all its obligations under the bond. Defendant was convicted of the crime charged against him and thereupon the Trial Judge remanded him to prison and exonerated appellant from any further liability on the bond. Defendant was sentenced as a second felony offender. As such, he could not obtain release under bail pending appeal, even if a certificate of reasonable doubt could have been obtained for him (Code Crim. Pro., § 555). The Dutchess County Public Defender was assigned as defendant's counsel to-prosecute an appeal on his behalf from the judgment of conviction. Upon the appeal, this court reversed the judgment solely on a question of law and ordered a new trial (*People* v. *Henry,* 31 A D 2d 943). Thereafter, the Dutchess County Public Defender applied for an order reinstating the above-mentioned bail bond, so as to revive appellant's obligation thereunder. Appellant objected thereto. It pointed out that it had been exonerated from liability and that under the circumstances then existing it did not wish to become bail

surety for defendant again. However, by the order under review the application was granted and defendant was ordered released. In our opinion, this extension of appellant's contractual liability as surety on the bail bond, over its objection, contravenes the well-established rule that a surety's obligation is construed *strictissimi juris* in the surety's favor. Accordingly, its liability may not be extended unless clearly authorized by its contract (*Becker* v. *Faber,* 280 N. Y. 146, 149). Appellant's contract as bail surety for defendant did not expressly or by implication authorize a revival of its obligations thereunder, after it had been exonerated from further liability. Moreover, we find that the order also contravenes sections 555, 568, 580, 590 and 592 of the Code of Criminal Procedure; and that it is also erroneous in the light of the following authorities: *People* v. *Williams* (221 App. Div. 776, affd. 247 N. Y. 572); *People* v. *Bowles* (280 App. Div. 476, 482); *People* v. *Maldonado* (49 Misc 2d 641, affd. 31 A D 2d 717); *People* v. *Public Serv. Mut. Ins. Co.* (49 Misc 2d 875); *Miller* v. *State* (158 Ala. 73); *People* v. *McReynolds* (102 Cal. 308); 8 Am. Jur. 2d, Bail and Recognizance, § 129. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.