MENDEL-MESICK-COHEN-ARCHITECTS, Appellants, v PEERLESS INSURANCE COMPANY, Respondent.—Appeal from (1) an order of the Supreme Court at Special Term, entered April 18, 1979 in Albany County, which granted a motion for summary judgment to the extent that the plaintiffs shall have judgment for the sum of $11,725.26, but denied the motions for interest thereon from and after January 30, 1976, and (2) the judgment entered thereon. On January 30, 1976, Mendel-Mesick-Cohen-Architects (MMC) entered a judgment in the sum of $11,725.26 against Northern Floor Coverings, Inc. (Northern), for certain architectural services rendered by the plaintiffs. Northern, on Feburary 26, 1976, filed a notice of appeal and in connection therewith filed an undertaking issued by the Peerless Insurance Company (Peerless). The undertaking provided that Peerless "does now undertake that, if the judgment appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant shall pay the amount decided to be paid by the judgment or the part of it as to which the judgment is affirmed, not exceeding the amount of Eleven Thousand Seven Hundred and Twenty-Five and 26/100 ($11,725.26) Dollars." The appeal was perfected, and on June 22, 1978 this court affirmed the judgment against Northern (Mendel-Mesick-Cohen-Architects v Northern Floor Coverings, 63 AD2d 1126). Thereafter, on July 12, 1978, the attorneys for MMC notified Northern's attorney and Peerless as to the affirmance and formally demanded payment by Peerless, pursuant to the undertaking, of the original judgment together with interest thereon for the period from the entry of judgment to the date of affirmance plus costs and also interest in the amount of $1.96 for each day that the amount remained unpaid. Northern's attorney advised MMC that Northern was in the throes of bankruptcy proceedings and when Peerless failed to favorably respond MMC moved pursuant to CPLR 3213 against the undertaking, seeking the amount of the judgment with interest at the rate of 6% per annum from January 30, 1976, together with costs. Special Term granted the motion only to the extent of the amount of the judgment and denied it in all other respects, and the plaintiffs appeal, thus presenting questions as to their entitlement to interest on the judgment from January 30, 1976 until the date of the entry of the judgment of affirmance and their right to interest from the latter date to the date of the actual payment thereof. MMC asserts that CPLR 5003 requires that "Every money judgment shall bear interest from the date of its entry" and that Peerless, through its issue of the undertaking, became liable for the statutory interest. While this assertion would be valid as to Northern, it has no effect upon Peerless as to that period of time from the entry of judgment until the date of entry of the judgment of affirmance. As can readily be seen from the previously quoted language of the undertaking, it clearly, explicitly and unequivocally limited the liability of Peerless on the judgment to $11,725.26, and the liability of a surety cannot be extended beyond the plain and explicit language of the contract (57 NY Jur, Suretyship and Guaranty,

§ 70; see *Becker v Faber,* 280 NY 146, 149). No valid question surfaces here concerning the meaning of the language of this undertaking and a well established rule of construction provides that where no interpretation of the language is required to ascertain its meaning "a surety's obligation is construed *strictissimi juris* in the surety's favor" *(People v Henry,* 33 AD2d 1031, 1032). The undertaking did not provide for the payment of statutory interest or costs beyond the stated limit and the liability of Peerless is limited to that amount up to the time of the entry of the judgment of affirmance. Instead of merely denying MMC's motion on this score, Special Term should have granted summary judgment to Peerless on this issue, even though Peerless did not so move. The construction of an unambiguous written contract is a question of law for the court *(Stone v Goodson,* 8 NY2d 8, 13), and, accordingly, Peerless was entitled to summary judgment "even in the absence of a cross motion for such relief (CPLR 3212, subd. [b])" *(Wiseman v Knaus,* 24 AD2d 869, 870). As to the second question, namely MMC's contention that, at the very least, they are entitled to interest on the $11,725.26 from the date of this court's affirmance of the judgment to the date of the actual payment of the $11,725.26 by Peerless, we disagree once again. The only interest to which MMC might be entitled would be for that period "from the time of the default by the surety" (General Obligations Law, § 7-301). MMC failed to make a prima facie showing that Peerless was in default on the undertaking, and the documents submitted did not set forth evidentiary facts that establish its cause sufficiently to entitle MMC to judgment as a matter of law *(Greenberg v Manlon Realty,* 43 AD2d 968, 969). Moreover, there is arguably an issue of fact as to whether Peerless was in default after demand for payment by MMC on July 12, 1978 (cf. *Barrett v Jacobs,* 255 NY 520). Hence, Special Term properly denied the motion for summary judgment. Order and judgment modified, on the law, by granting summary judgment to the defendant to the extent that it is not liable for interest on the original judgment against Northern Floor Coverings, Inc., from the date of the entry of the judgment, January 30, 1976, to the date of entry of the order of affirmance, and, as so modified, affirmed, with costs to defendant Peerless Insurance Company. Kane, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.