■ U.S. CAPITAL INSURANCE COMPANY, as Successor in Interest to MULTIPLUS INSURANCE Co., Appellant-Respondent, v BUFFALO AND ERIE COUNTY REGIONAL DEVELOPMENT CORPORATION, Respondent-Appellant. (Action No. 1.) BUFFALO AND ERIE COUNTY REGIONAL DEVELOPMENT CORPORATION, Plaintiff, v ENVIRONMENTAL ABATEMENT INTERNATIONAL, INC., et al., Defendants. (Action No. 2.) (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs, and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: In this action seeking to have a surety bond declared null and void, U.S. Capital Insurance Company (USCIC) appeals from so much of a judgment as awarded the Buffalo and Erie County Regional Development Corporation (RDC) $480,291.78 on its counterclaim and dismissed the complaint. Although RDC has not appealed from the judgment, it has appealed from so much of a prior order as awarded it only $30,291.78 in interest. We have, in the interest of justice, deemed defendant's notice of appeal from the order to be a notice of appeal from the subsequent judgment in which the order was subsumed (see, CPLR 5520 [c]; *Frankel v Manufacturers Hanover*

*Trust Co.,* 106 AD2d 542; *Men's World Outlet v Estate of Steinberg,* 101 AD2d 854).

Turning to the substantive issues raised, we conclude that Supreme Court correctly granted RDC's motion for summary judgment dismissing the complaint. Absent any inquiry from the surety, RDC, as obligee on the bond between USCIC and debtor Environmental Abatement International, Inc. (EAI), owed no duty to disclose EAI's financial situation *(see, State of New York v Peerless Ins. Co.,* 67 NY2d 845, 847). Absent such duty and absent any evidence to support the surety's claim of bad faith by RDC, USCIC should not now be permitted to shift liability incurred as a result of its own failure to assess the risk it was undertaking in issuing this bond *(see, Howe Sewing Mach. Co. v Farrington,* 82 NY 121, 127).

While Supreme Court correctly determined that General Obligations Law § 7-301 is applicable *(see,* CPLR 2502 [c]), the court misapplied that statute in this case. In our view, the plain language of the bond reveals that "the amount specified in the undertaking" (General Obligations Law § 7-301) is equal to "FOUR HUNDRED AND FIFTY THOUSAND Dollars ($450,000.00) * * * with interest payable at the rate of 8% per annum". As the undertaking itself plainly provided for the payment of interest *(cf., Mendel-Mesick-Cohen-Architects v Peerless Ins. Co.,* 74 AD2d 712, 713), that language must be given effect *(see, People v Backus,* 117 NY 196, 201). Therefore, we conclude that Supreme Court erred in refusing to award RDC 8% interest accumulated on the $450,000 from the date of EAI's default to the date of payment. In addition, because the language of General Obligations Law § 7-301 requires that "interest in addition to [the amount specified in the undertaking] *shall be awarded* from the time of default by the surety" (emphasis supplied), we conclude that defendant is also entitled to recover statutory interest on that sum from the time of plaintiff's default until the time of payment. As the record is inadequate to permit this Court to determine the amount of interest to which defendant is entitled, we reverse so much of the judgment entered December 13, 1990 as represents the interest awarded to defendant, and remit the matter to Supreme Court for a calculation of interest. The judgment is otherwise affirmed. (Appeals from Judgment of Supreme Court, Erie County, McGowan, J.—Breach of Bond Agreement.) Present—Callahan, A. P. J., Denman, Green, Balio and Davis, JJ.

■ U.S. CAPITAL INSURANCE COMPANY, as Successor in In-