■ In the Matter of SENECA INSURANCE COMPANY, Petitioner, and GOLDSTEIN COSTELLO AGENCY, LLC, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. [834 NYS2d 581]—

Cardona, P.J. Appeal from an order of the County Court of Albany County (Breslin, J.), entered August 8, 2005, which denied petitioners' application pursuant to CPL 540.30 for, inter alia, remission of the forfeiture of bail.

In March 2002, Roger Major was indicted on six drug and weapons counts. County Court (Herrick, J.) set bail at $80,000, and petitioner Goldstein Costello Agency, LLC (hereinafter

petitioner), as agent for petitioner Seneca Insurance Company, posted a surety bond in that amount, for which Major's mother and brother pledged their house as security. In November 2002, Major was separately indicted on two additional drug charges. When he appeared before County Court for bail on the second indictment, the court noted that Major was already released on an $80,000 surety bond issued by petitioner, and stated that "an additional $10,000 bail . . . is required on this indictment." The court also required "consent from the surety company that they will continue to maintain the $80,000 bond." Petitioner thereafter executed a surety bond for $10,000. After Major was acquitted of the charges alleged in the first indictment, Supreme Court (Lamont, J.) declined to exonerate the $80,000 bail, stating that it was unclear whether that bond also covered the second indictment. Major absconded before trial on the second indictment, and County Court (Herrick, J.) thereafter ordered forfeiture of bail in the amount of $90,000 (see CPL 540.10 [1]).

Petitioners applied for remission of bail forfeiture pursuant to CPL 540.30 or, in the alternative, for an order vacating the order of forfeiture. They limited their request to the $80,000 posted in the initial surety bond, arguing that it covered only the first indictment. The People did not respond to the application and Albany County submitted letters to the court stating that it had no objection to the application. County Court (Breslin, J.) denied the application, concluding that the $80,000 bond applied to both indictments. On this appeal by petitioner, we reverse the order of County Court, vacate the order of forfeiture, and remit the matter to County Court.

Petitioner principally argues that the bail forfeiture should be remitted because it did not agree to extend coverage under the $80,000 bond to include the second indictment. While an application for remission of bail forfeiture is directed to the discretion of the court and requires consideration of such criteria as the willfulness of the defendant's nonappearance and whether forfeiture will work extreme hardship on the surety (see People v Fiannaca, 306 NY 513, 516-517 [1954]; People v Wirtschafter, 305 NY 515, 519 [1953]; People v Scalise, 105 AD2d 869, 870 [1984], lv denied 64 NY2d 604 [1985], appeal dismissed 64 NY2d 884 [1985], lv dismissed 64 NY2d 1110 [1985]), where, as here, the surety is primarily challenging the legality of a court's bail forfeiture, the application should instead be treated as one to vacate the order of forfeiture (see People v Wirtschafter, supra at 519; People v Salabarria, 121 AD2d 438, 439 [1986]). Thus, upon reviewing County Court's order denying petitioner's application, we are not limited to deciding whether that court

abused its discretion; rather, we must determine whether the underlying forfeiture order was proper (*see People v Wirtschafter, supra* at 519).

As relevant here, "[s]urety bonds—like all contracts—are to be construed in accordance with their terms" (*Walter Concrete Constr. Corp. v Lederle Labs.*, 99 NY2d 603, 605 [2003]) under established rules of contract construction (*see General Phoenix Corp. v Cabot*, 300 NY 87, 92 [1949]; *Mendel-Mesick-Cohen-Architects v Peerless Ins. Co.*, 74 AD2d 712, 713 [1980]). Where the terms are unambiguous, interpretation of the surety bonds is a question of law (*see State of New York v Peerless Ins. Co.*, 67 NY2d 845, 848 [1986]; *General Phoenix Corp. v Cabot, supra* at 92). Under settled principles, they must be construed strictly in the surety's favor and the surety's obligations cannot be extended beyond the plain language of the bonds (*see Becker v Faber*, 280 NY 146, 148-149 [1939]; *United States Fid. & Guar. Co. v Orix Credit Alliance*, 290 AD2d 504, 504 [2002]; *Mendel-Mesick-Cohen-Architects v Peerless Ins. Co., supra*, at 713; *People v Henry*, 33 AD2d 1031, 1032 [1970]).

Here, the $80,000 surety bond issued at the time of the first indictment incorporates on its face only those specific charges contained in that indictment. The $10,000 surety bond issued at the time of the second indictment specifies only the two separate charges contained in that indictment. Nothing within the four corners of either document indicates that the individual bonds apply to any charges other than those specified therein. The terms are facially unambiguous; therefore, our inquiry must end. We note, however, that even if we consider the record colloquies regarding bail on the second indictment, we would, nonetheless, find that—though they may raise questions about the parties' intent—they would be insufficient to modify the surety's obligations under the bonds. Thus, we conclude under the particular facts of this case that the $80,000 bond should not have been forfeited upon the second indictment.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, application to vacate the order of forfeiture granted, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.