Tornatore v Cohen (2020 NY Slip Op 04022)





Tornatore v Cohen


2020 NY Slip Op 04022


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


215 CA 19-01465

[*1]THOMAS TORNATORE, PLAINTIFF-RESPONDENT,
v
JEAN COHEN, D.C., DEFENDANT. ALLIED PROFESSIONALS INSURANCE COMPANY, APPELLANT. 






TREVETT CRISTO, ROCHESTER (MELANIE S. WOLK OF COUNSEL), FOR APPELLANT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered February 5, 2019. The order granted the motion of plaintiff to liquidate an appeal bond and awarded plaintiff prejudgment and postjudgment interest. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Allied Professionals Insurance Company (APIC) is the chiropractic malpractice insurer for defendant. In an underlying malpractice action, plaintiff sued defendant for injuries sustained from defendant's treatment, and plaintiff obtained a jury verdict in his favor. In the judgment, the present value was calculated, following application of CPLR article 50-a, to be $1,217,474.20. APIC then issued an appeal bond in order to stay execution of the judgment pending appeal. We affirmed the judgment on appeal (Tornatore v Cohen, 162 AD3d 1503 [4th Dept 2018]). APIC now appeals from an order granting plaintiff's motion to liquidate the appeal bond posted by APIC and awarding plaintiff unpaid prejudgment and postjudgment interest.
APIC contends that the language of the appeal bond unambiguously limits its liability as a surety to the present value of $1,217,474.20 and does not obligate it to pay any additional monies such as prejudgment and postjudgment interest. We reject that contention.
As relevant to the procedure used here, a stay pending appeal of proceedings to enforce a judgment directing the payment of a sum of money may be obtained upon service on the adverse party of a notice of appeal where "an undertaking in that sum is given that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the amount directed to be paid by the judgment or order, or the part of it as to which the judgment or order is affirmed" (CPLR 5519 [a] [2]). Thus, an appeal bond issued by a surety meeting the requirements of CPLR 5519 (a) (2) will effect an automatic stay of enforcement of the judgment pending appeal thereof (see Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832 [2d Dept 2014], lv denied 24 NY3d 906 [2014]). "Surety bonds—like all contracts—are to be construed in accordance with their terms" (Walter Concrete Constr. Corp. v Lederle Labs., 99 NY2d 603, 605 [2003]) "under established rules of contract construction" (Matter of Seneca Ins. Co. v People, 40 AD3d 1151, 1153 [3d Dept 2007]; see General Phoenix Corp. v Cabot, 300 NY 87, 92 [1949]; Mendel-Mesick-Cohen-Architects v Peerless Ins. Co., 74 AD2d 712, 713 [3d Dept 1980]). After the meaning of the words used in an appeal bond have been so ascertained, a surety's "obligation upon its undertaking is defined solely by the language of the bond" and "cannot be extended by the court" (Stapley v United States Cas. Co., 260 NY 323, 326 [1932], affg 235 App Div 379 [4th Dept 1932]; see Tri-State Empl. Servs. v Mountbatten Sur. Co., 99 NY2d 476, 483 [2003]; Utica City Natl. Bank v Gunn, 169 App Div [*2]295, 299 [4th Dept 1915], affd 222 NY 204 [1918]).
Here, the appeal bond upon which plaintiff sought to recover first recited the present value portion of judgment consisting of $1,217,474.20 and then indicated that defendant desired to stay execution of that judgment against her. The appeal bond therefore further provided, in pertinent part, that "[APIC] . . . hereby obligates itself, its successor and assigns and does hereby undertake and promise on the part of [defendant] and binds itself in the amount of $1,217,474.20 and does pursuant to the statute in such cases, undertake that if the judgment or order so appealed from or any part thereof, is affirmed, or the appeal is dismissed, [defendant] will pay the sum directed to be paid by the judgment or order."
Pursuant to the plain language of the appeal bond, APIC gave an undertaking in the amount of $1,217,474.20 for the purpose of securing a stay of the judgment on behalf of defendant and—in the conjunctive—undertook to "pay the sum directed to be paid by the judgment" if the judgment was affirmed. The latter clause of the appeal bond "does not in express language limit the amount [to be paid on the judgment] to any fixed sum" (Hotop v Maryland Cas. Co., 274 NY 327, 329-330 [1937]; cf. Shapiro v Equitable Cas. & Sur. Co., 256 NY 341, 345 [1931], rearg denied 256 NY 692 [1931]; Mendel-Mesick-Cohen-Architects, 74 AD2d at 712). Thus, despite its recital of the present value portion of the judgment, the appeal bond unambiguously obligates APIC to fully pay the amount directed by the judgment referenced therein and, here, the judgment unequivocally directs payment of the present value as well as prejudgment and postjudgment interest (see generally Hotop, 274 NY at 329-330; Stapley, 235 App Div at 380). Although we agree with APIC's contention that it has satisfied its obligation as an insurer by proffering a settlement check in an amount that represents the present value of the judgment plus interest and exceeds the policy limit (see generally Ragins v Hospitals Ins. Co., Inc., 22 NY3d 1019, 1024 [2013]), we nonetheless conclude that APIC is obligated, as a surety, to satisfy the full amount of the judgment on behalf of defendant (see Hotop, 274 NY at 329-330). When the full amount of the judgment inclusive of prejudgment and postjudgment interest is calculated, there remains an unsatisfied balance and, therefore, Supreme Court properly granted plaintiff's motion and ordered APIC to pay that balance. In light of our determination, we conclude that APIC's remaining contention is without merit.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court