**New York Cardiothoracic Surgeons, P.C. v Brevetti**

2024 NY Slip Op 31958(U)

June 4, 2024

Supreme Court, Kings County

Docket Number: Index No. 9567/2003

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 4th day
of June 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

NEW YORK CARDIOTHORACIC SURGEONS, P.C.,　　**DECISION AND ORDER**

　　　　　　　　　　　　　　Plaintiff,　　　　　Index No.: 9567/2003

　　　　- against -

GREGORY R. BREVETTI, M.D.,

　　　　　　　　　　　　　　Defendant.

-----------------------------------------------------------------------X

GREGORY R. BREVETTI, M.D.,

　　　　　　　　　　　　Third-Party Plaintiff

　　　　- against –

ISRAEL J. JACOBOWITZ and
ISRAEL J. JACOBOWITZ., M.D., P.C.,

　　　　　　　　　　　　Third-Party Defendants

-----------------------------------------------------------------------X

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of cross-motion filed on February 15, 2024, under motion sequence number fifteen by third-party defendant Israel J. Jacobowitz (hereinafter "Jacobowitz" or "the movant") for an order releasing, discharging, and exonerating a certain appeal bond. The motion is opposed.

-Notice of cross-motion
-Affirmation in support by the movant

Exhibits A-I
-Affirmation in opposition by Gregory R. Brevetti
Exhibits A-F
-Affidavit in opposition
Exhibits A-D
-Affirmation in support by the nonparty surety
Exhibits A-I
-Memorandum of law in support by the nonparty surety
-Affirmation in opposition by Gregory R. Brevett

## BACKGROUND

By the instant motion defendant Jacobowitz seeks, among other things, to exonerate an appeal bond 3460237 (hereinafter the appeal bond) issued by SureTec Insurance Company (hereinafter SureTec) on or about May 23, 2019, and filed with the Court on May 24, 2019.

In 2018, this Court issued various decisions and orders, followed up by a judgment in April 2019 (hereinafter the 2019 judgment). The 2019 judgment was against both New York Cardiothoracic Surgeons, P.C. (hereinafter NYCS) and Jacobowitz for breach of contract and violation of New York Labor Law §§ 190-199 in the amount of $45,415.66 for lost wages, plus $91,666.64 for severance pay, for a total of $139,997.30, plus $199,438.83 in interest from January 22, 2003. The 2019 judgment was also against NYCS for non-payment of disability insurance premium in the amount of $2,895.00, plus $4212.22 in interest for a total of $7107.22 and against NYCS and Jacobowitz for $163,955.00 in attorneys' fees.

[* 2]

Jacobowitz appealed the 2019 judgment. To stay its enforcement while the appeal was pending, Jacobowitz obtained the appeal bond and filed it with the Court on May 24, 2019.

The Appellate Division, Second Department issued a written decision on September 21, 2022 (hereinafter Appellate decision), which, inter alia, ordered modification of the 2019 judgment in various respects. The Appellate decision ruled, inter alia, that (a) the 2019 judgment against Jacobowitz under the New York Labor Law relating to severance pay and interest thereon must be deleted; and (b) that portion of the award explicitly for unpaid disability insurance must be deleted as duplicative.

As a result of the Appellate decision and this Court's subsequent decisions with respect to motion sequence numbers 11, 12 and 13, the Court issued an amended judgment which resulted in a substantially reduced award against Jacobowitz. Pursuant to the amended judgment, Jacobowitz's liability was set at $378,095.42 plus statutory post-judgment interest until paid.

There is no dispute that Jacobowitz has fully satisfied the obligations under the amended judgment. In so doing, the outstanding liability against NYCS has also been reduced by the same amount.

On February 22, 2024, the Court issued an order directed Jacobowitz to serve by March 14, 2014, all motion papers related to the instant motion upon NYCS and SureTec. NYCS and SureTec were granted until March 29, 2024 to submit responsive papers.

[* 3]

SureTec filed an affirmation in support of the motion with annexed exhibits and a memorandum of law.

## LAW AND APPLICATION

As relevant to the procedure used here, a stay pending appeal of proceedings to enforce a judgment directing the payment of a sum of money may be obtained upon service on the adverse party of a notice of appeal where "an undertaking in that sum is given that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the amount directed to be paid by the judgment or order, or the part of it as to which the judgment or order is affirmed" (CPLR 5519 [a] [2]).

Thus, an appeal bond issued by a surety meeting the requirements of CPLR 5519 (a) (2) will effect an automatic stay of enforcement of the judgment pending appeal thereof (*see Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2d Dept 2014], *lv denied* 24 N.Y.3d 906 [2014]). "Surety bonds—like all contracts—are to be construed in accordance with their terms" (*Walter Concrete Constr. Corp. v Lederle Labs.*, 99 NY2d 603, 605 [2003]) "under established rules of contract construction" (*Matter of Seneca Ins. Co. v. People*, 40 AD3d 1151, 1153 [3d Dept 2007]). After the meaning of the words used in an appeal bond have been so ascertained, a surety's "obligation upon its undertaking is defined solely by the language of the bond" and "cannot be extended by the court" (*Tornatore v Cohen,* 185 AD3d 1394 (4th Dept 2020).

[* 4]

The question of whether the terms of a contract, such as that of a surety bond agreement, are ambiguous is a question of law for the court to determine. The contract language is to be read in light of common speech and interpreted "according to the reasonable expectations and purposes of ordinary businesspeople when making ordinary business contracts" (*Heartland Brewery Inc. v Nova Cas. Co.*, 149 AD3d 522 [1st Dept 2017], quoting *DMP Cont. Corp. v Essex Ins. Co.*, 76 AD3d 844, 846 [1st Dept 2010]).

The text of the appeal bond specifically refers to the 2019 judgment as it relates solely to Jacobowitz, and it also only refers to the appeal of Jacobowitz, not NYCS, as follows:

> WHEREAS, on or about the 19th day of April 2019 in the above-entitled Court, a Judgment was entered by the County Clerk's Office in favor of Defendant/Third Party Plaintiff, GREGORY R. BREVETTI, M.D., and against the Third-Party Defendant, ISRAEL J. JACOBOWITZ, in the total sum of FIVE HUNDRED THREE THOUSAND THREE HUNDRED NINETY-ONE and 13/100 ($503,391.13) DOLLARS. AND, the said Third-Party Defendant, ISRAEL J. JACOBOWITZ, feeling aggrieved thereby, intends to appeal therefrom to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department.

The appeal bond further stated that SureTec "undertakes that if the Judgment so appealed from, or any part of it, is affirmed, or the Appeal is dismissed, the Appellant shall pay the sum directed to be paid by this Judgment..."

In opposition to the motion Brevetti makes the following argument. Both Jacobowitz and NYCS appealed, jointly filed a notice of appeal, and were represented by the same counsel throughout the proceedings. Therefore, the appeal bond must cover

[* 5]

NYCS' liability. Brevetti further claims that "principal" and appellant" are not adequately defined in the appeal bond.

The movant disagrees and points out the following facts. In the General Indemnity Agreement (hereinafter GIA) between SureTec and Jacobowitz, the "principal" is expressly and exclusively identified as "Israel J. Jacobowitz". The GIA is signed. The Court agrees with the movant's and the surety's contention that the judgment referred to in the appeal bond was solely the judgment against Jacobowitz and not against NYCS. The Court finds that there is no ambiguity in the surety agreement regarding the judgment being bonded; it was solely the judgment against Jacobowitz. Inasmuch as Jacobowitz has fully satisfied his obligations under the amended judgment, the instant motion for an order releasing, discharging, and exonerating the subject appeal bond is hereby granted.

## CONCLUSION

The cross-motion by third-party defendant Israel J. Jacobowitz for an order releasing, discharging, and exonerating the subject Appeal Bond is granted. Israel J. Jacobowitz is directed to settle an order on notice consistent with the instant decision and order on or before July 8, 2024.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____

J.S.C.
HON. FRANCOIS A. RIVERA

[* 6]