Stone Cast, Inc. v Couch, Dale Marshall P.C. (2025 NY Slip Op 05860)

Stone Cast, Inc. v Couch, Dale Marshall P.C.

2025 NY Slip Op 05860

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

CV-24-1363
[*1]Stone Cast, Inc., Appellant-Respondent,
v
Couch, Dale Marshall P.C., et al., Respondents-Appellants.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Andrew Lavoott Bluestone, Southampton, for appellant-respondent.
Costello, Cooney & Fearon, PLLC, Syracuse (Daniel R. Rose of counsel), for respondents-appellants.

Reynolds Fitzgerald, J.
Cross-appeals from an order of the Supreme Court (Allison McGahay, J.), entered July 31, 2024 in Warren County, which partially granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's motion for summary judgment.
The history of the matter before this Court covers many years. Stated as concisely as possible, it is as follows. In 2005, plaintiff was a subcontractor of Jeffrey M. Brown Associates, Inc. (hereinafter the general contractor), which had been hired by Fordham University (hereinafter the owner) to build a parking facility. As part of the construction contract, the general contractor and the owner executed a payment bond with Federal Insurance Company (hereinafter the surety), wherein the surety would pay claimants of the general contractor regarding claims for "labor, materials and equipment" furnished during the performance of the construction contract. Approximately one year later, the general contractor terminated its contract with plaintiff and litigation between the two entities ensued, with defendants Couch, Dale Marshall P.C. and Mark W. Couch (hereinafter collectively referred to as defendants) representing plaintiff. This litigation resulted in plaintiff obtaining a December 2014 judgment against the general contractor in the amount of $762,168.58, representing damages in the amount of $452,211.20, and prejudgment interest, pursuant to CPLR 5001, in the amount of $309,957.38. In determining the prejudgment interest, the court necessarily established the date that the general contractor breached its contract with plaintiff. Plaintiff thereafter attempted to collect the judgment from the surety and, when it refused payment, plaintiff commenced an action. Again, plaintiff retained defendants to represent its interest. In a November 2016 order, Supreme Court (Billings, J.) found in plaintiff's favor, awarding $452,211.20 in damages, with interest from April 10, 2015. In determining the prejudgment interest, the court determined said date to be the earliest date that the surety breached the payment bond contract. This decision was affirmed (Stone Cast, Inc. v Federal Ins. Co., 154 AD3d 614 [1st Dept 2017]). Plaintiff issued a satisfaction of judgment to the surety on November 14, 2017.
In 2020, plaintiff commenced this action against defendants for legal malpractice, breach of contract and breach of fiduciary duty, alleging that defendants' negligence deprived it of $309,957.38, namely the amount of prejudgment interest awarded against the general contractor in the first action. The crux of plaintiff's argument is that defendants' failure to abide by the notice requirements of the payment bond resulted in plaintiff's inability to collect the aforesaid sum from the surety. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment on defendant's liability. Supreme Court (McGahay, J.) denied plaintiff's [*2]cross-motion and partially granted defendants' motion. Plaintiff and defendants cross-appeal.[FN1]
To prevail on a cause of action for legal malpractice, a plaintiff must "demonstrate that the defendant[s] failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, that this failure was the proximate cause of actual damages to the plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence. Upon an application for summary judgment, the defendant[s] [are] required to present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these elements" (Bachman-Richards v Pomeroy, 220 AD3d 1136, 1137 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; accord Scott v Schwartz, 236 AD3d 1273, 1275 [3d Dept 2025]).
In support of their summary judgment motion defendants argue that, under the terms of the payment bond, which they argue is clear and unambiguous, the surety is not required to remit prejudgment interest; therefore, plaintiff cannot demonstrate the proximate cause or "but for" requirement necessary to demonstrate legal malpractice. We agree that the contract in question is unambiguous and as such the "interpretation of an unambiguous contract provision is a function for the court" (Chimart Assoc. v Paul, 66 NY2d 570, 572 [1986] [brackets omitted], quoting Teitelbaum Holdings v Gold 48 NY2d 51, 56 [1979]; see Cerand v Burstein, 72 AD3d 1262, 1265 [3d Dept 2010]) and "the contract language should be given its plain and ordinary meaning" (Town of Wawarsing v Camp, Dresser & McKee, Inc., 49 AD3d 1100, 1102 [3d Dept 2008]; see Lok-N-Logs, Inc. v Leatherstocking Coop. Ins. Co., 237 AD3d 1295, 1295 [3d Dept 2025]). Here, the contract states that the surety will "pay for labor, materials, and equipment furnished for use in the performance of the [c]onstruction [c]ontract"; importantly to this case, there is no commitment to remit — or even mention of — prejudgment interest. "Surety bonds — like all contracts — are to be construed in accordance with their terms under established rules of contract construction. . . . [A] surety's obligation upon its undertaking is defined solely by the language of the bond and cannot be extended by the court" (Tornatore v Cohen, 185 AD3d 1394, 1395-1396 [4th Dept 2020] [internal quotation marks and citations omitted; emphasis added], lv dismissed 36 NY3d 944 [2020]; see Matter of Seneca Ins. Co. v People, 40 AD3d 1151, 1153 [3d Dept 2007]; Mid-State Precast Sys. v Corbetta Constr. Co., 202 AD2d 702, 706 [3d Dept 1994], lvs dismissed 84 NY2d 923 [1994], 86 NY2d 855 [1995]). In the matter before us, the damage claimed by plaintiff is the amount of prejudgment interest it did not receive in the judgment against the surety. However, under the clear and unambiguous terms of the payment bond, the surety had no obligation to remit same.
Plaintiff's [*3]arguments in opposition to this are twofold. First and foremost, it argues that the question of an award of prejudgment interest is not governed by the terms of the contract, but rather by CPLR 5001, which provides for prejudgment interest in breach of contract actions. In plaintiff's view, an award of said interest is mandatory regardless of the terms of the surety contract. We disagree. While the statute provides for a general rule for use in breach of contract litigation, "[i]t has long been the law that a surety's liability is to be strictly limited by the scope and meaning of its agreement" (Davis Acoustical Corp. v Hanover Ins. Co., 22 AD2d 843, 843 [3d Dept 1964]). Next, plaintiff asserts that because the payment bond does not expressly exclude prejudgment interest, under CPLR 5001, payment of such is implied. This argument is similarly unpersuasive. If a contract omits terms, "the inescapable conclusion is that the parties intended the omission. The maxim expressio unius est exclusio alterius, as used in the interpretation of contracts, supports precisely this conclusion" (Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 560 [2014] [citations omitted]). Moreover, "[c]ourts may not, through their interpretation of a contract, add or excise terms or distort the meaning of any particular words or phrases, thereby creating a new contract under the guise of interpreting the . . . agreement[ ]. . . . In accordance with these principles, courts must honor contractual provisions that limit liability or damages because those provisions represent the parties' agreement on the allocation of the risk of economic loss" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017] [citations omitted]).
Thus, we conclude that Supreme Court correctly determined, as a question of law (see Integrity Intl., Inc. v HP, Inc., 211 AD3d 1194, 1196 [3d Dept 2022]; Daire v Sterling Ins. Co., 204 AD3d 1189, 1190-1191 [3d Dept 2022]), that the unambiguous language of the surety bond limited payment solely for "labor, materials and equipment," and further citing United States Fid. & Guar. Co. v Orix Credit Alliance (290 AD2d 504, 504 [2d Dept 2002]) and Saratoga Spa & Bath v Beeche Sys. Corp. (230 AD2d 326, 333 [3d Dept 1997], lv dismissed & denied 90 NY2d 979 [1997]), determined that prejudgment interest was not recoverable from the surety pursuant to the terms of the payment bond.[FN2]
It is apparent then that, pursuant to the foregoing, Supreme Court erred in only partially granting defendants' motion as plaintiff is unable to demonstrate all of the elements necessary for legal malpractice (see Scott v Schwartz, 236 AD3d at 1276; Kaufman v Medical Liab. Mut. Ins. Co., 121 AD3d 1459, 1461 [3d Dept 2014], lv denied 25 NY3d 906 [2015]). Accordingly, plaintiff's complaint alleging legal malpractice should have been dismissed in its entirety.
Garry, P.J., Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the order [*4]is modified, on the law, without costs, by reversing so much thereof as partially denied defendants' motion for summary judgment dismissing the complaint; such motion granted in its entirety; and, as so modified, affirmed.

Footnotes

Footnote 1: Plaintiff initially sought to hold defendants liable under the theories of legal malpractice and breach of fiduciary duty. Both parties moved for summary judgment under both theories and Supreme Court denied the motions as to the theory of breach of fiduciary duty. Plaintiff has not expressly addressed the court's denial of its motion on this theory in its brief and has failed to oppose defendants' contention that the breach of fiduciary duty theory should be dismissed as duplicative of legal malpractice in its reply brief. We therefore deem plaintiff's contentions with respect to this theory abandoned (see Kelsey v Catena, 217 AD3d 1233, 1237, n 4 [3d Dept 2023], appeal dismissed 40 NY3d 1014 [2023]; Edwards v Martin, 158 AD3d 1044, 1046, n 1 [3d Dept 2018]; Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello, 24 AD3d 1069, 1071 n 1 [3d Dept 2005]).

Footnote 2: Plaintiff's claim that Supreme Courtmisconstrued the cases it cited in denying its motion because the cases did in fact award prejudgment interest is meritless as the cases are distinguishable. Here, the payment bond limited a claimant's payment solely to labor, materials and equipment, whereas the agreement in United States Fid. & Guar. Co. v Orix Credit Alliance provided payment "as required by any final order." In that case, the final order included prejudgment interest. The issue in United States Fid. & Guar. Co. v Orix Credit Alliance did not involve prejudgment interest; instead, the issue was limited to whether the order was a final order. Nor does Saratoga Spa & Bath v Beeche Sys. Corp. support plaintiff's position, as this Court found that the judgment properly reflected the guarantor's liability but held that Supreme Court erred in awarding prejudgment interest from the time of the defendant's default, and, instead, should have limited prejudgment interest to the time of the surety's default (230 AD2d at 333).